[No. G002773. Fourth Dist., Div. Three. July 10, 1985.]

ARMANDO HERNANDEZ, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
H. MARK FATEMI et al., Real Parties in Interest.

COUNSEL

Margaret Kathryn Maas for Petitioner.

No appearance for Respondent and for Real Parties in Interest.

OPINION

TROTTER, P. J.—Trial of Armando Hernandez' action against H. Mark Fatemi was taken off calendar and removed from the civil active list because Hernandez' counsel, Margaret Maas, was not present in court at the time the matter was ready for assignment. Indeed, Ms. Maas could not be in attendance because she was present in this court for purposes of oral argument in another case. While we are mindful of the responsibility of trial counsel to be prepared to proceed when a case is ultimately assigned to a courtroom, it is clear the court's action under these circumstances was not warranted.

The at issue memorandum anticipated a nonjury trial lasting no more than a day. Trial was originally scheduled for February 4, 1985, and after trailing for four days was continued to April 22, 1985. It was again continued to May 20, 1985, due to the death of the wife of one of petitioner's key witnesses. On the continued date, the parties were informed the matter could be sent out for immediate trial if they stipulated to the appointment of a judge pro tem. Petitioner agreed but real party refused, and the matter was trailed to the next day.

On May 21, 1985, prior to the 9 a.m. department 1 calendar call, Ms. Maas informed the clerk that at 9:30 a.m. she was required to appear at the Court of Appeal to orally argue a case for which she was attorney of record. Since she was a sole practitioner, no one was available to take her place in

department 1 while she was engaged in the appellate court. She was informed the presiding judge anticipated sending the matter out for trial that morning, and she told the clerk oral argument would be concluded by approximately 10:30 a.m. The clerk did not advise her the judge might take the trial off calendar if she were not present; thus, presuming there would be no problem, she proceeded to this court.

At 11:15 a.m., after oral argument was concluded, Ms. Maas appeared in department 1. She was advised that at 10:45 a.m., due to her nonappearance, the matter had been taken off calendar and removed from the civil active list. Her request to personally speak with the presiding judge was refused, and subsequent efforts to resolve the problem were likewise unsuccessful.[1] This writ petition followed.

■ Petitioner contends the court could have either sent the matter out for trial at 10:45 a.m., pending the completion of Ms. Maas' oral argument, or trailed the matter until Ms. Maas was again available. "Instead of electing one of these most reasonable alternatives, and without any notice to [Ms. Maas], respondent court ordered the matter to be taken 'off calendar' and removed from the civil active list. Such removal constitutes a gross injustice to petitioner, and a severe abuse of the powers of the respondent court in setting and sending out cases for trial." We agree.

This court set oral argument in Ms. Maas' other case after the instant matter was continued to May 20, 1985, thus creating a conflict which counsel could not have anticipated nor controlled. Further, Ms. Maas was diligent in informing the court of the circumstances which necessitated a brief delay. The press of cases and a desire to control and expedite a crowded calendar is of natural concern to the trial court. However, to remove a case from the trial calendar, as here, elevates efficiency above justice. Ms. Maas' mandatory appearance in this court does not justify a sanction of this nature.

The issuance of a peremptory writ in the first instance is proper; we see no purpose to be served by issuing an alternative writ. (Code Civ. Proc., § 1088; see also *Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

---

[1]The clerk, however, did advise her that the matter could be reset for trial upon the filing of a new at-issue memorandum. She was also told she could file a motion for preferential trial setting and that the court "might be willing to reset the matter for trial without requiring another mandatory settlement conference." The petition contends this was not a viable alternative in that Ms. Maas was scheduled to begin a two-to-three-month trial on June 21, 1985, and would therefore be unavailable to proceed in this matter until September 1985. Our inquiry has disclosed that after trailing for two weeks, that matter is currently awaiting a new trial date. Nonetheless, this fact has no bearing on our decision the trial court's action was improper.

Let a peremptory writ of mandate issue directing the Orange County Superior Court to restore the matter to the civil active list and to immediately set the case for trial on the first available date. This opinion shall be deemed final forthwith. (Cal. Rules of Court, rule 24(c).)

Sonenshine, J., and McLaughlin, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.