[No. D007855. Fourth Dist., Div. One. Mar. 6, 1989.]

ESTHER MOYAL, Plaintiff and Appellant, v.
NORMAN L. LANPHEAR, Defendant and Respondent;
NICK A. ALDEN, Objector and Appellant.

## COUNSEL

Nick A. Alden for Plaintiff and Appellant and, in pro. per., for Objector and Appellant.

Grace & Neumeyer and Jonathan A. Brenner for Defendant and Respondent.

## OPINION

**HUFFMAN, J.**—The trial court dismissed Esther Moyal's complaint for personal injury and assessed monetary sanctions against her attorney Nick A. Alden for noncompliance with orders made and deadlines set under "fast track" procedures adopted pursuant to the Trial Court Delay Reduction Act. (Gov. Code, § 68600 et seq.) Moyal appeals, contending the trial court abused its discretion by enforcing fast track time limits at the expense of protecting her right to a trial on the merits. Alden also appeals, contending the trial court's imposition of monetary sanctions was improper.

We reverse the order of dismissal while upholding the award of monetary sanctions. We will explain that while judicially declared standards for the trial court's exercise of discretion are necessarily evolving along with changes in statutory law in the trial court delay reduction field, the important objectives of the fast track system can and must be achieved consistent with traditional due process standards.

### FACTUAL AND PROCEDURAL BACKGROUND

Several factors have combined to result in a very sparse record on appeal, including an incomplete designation of the record by the parties, the expedited nature of the proceedings below, and the short life of Moyal's action. Our review of the facts and procedural background is supplemented by

judicial notice of the superior court file. (Evid. Code, §§ 452, subd. (d)(1), 459.) Pursuant to California Rules of Court, rules 13 and 18(3), we have disregarded those facts recited in the briefs which are unsupported by the record or judicial notice.[1] ■ In any case, in the absence of a record showing such facts, we must presume they would support the trial judge's judgment.[2] (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 645 [183 Cal.Rptr. 508, 646 P.2d 179]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

For background we outline the short history of this case. Alden filed Moyal's complaint for personal injury on July 6, 1987, and had it served August 31, 1987. Although this service was accomplished within the 60-day deadline set by San Diego Superior Court Local Rules, rule 10.4(a),[3] Alden failed to file proof of service within that period as required by this rule. Consequently, the court ordered Moyal to appear and show cause why sanctions should not be imposed for failure to timely serve and provide proof of service. Alden sought a continuance, offering as his excuse, "As a Los Angeles Attorney, I was not aware of the Administration of Civil Litigation act. . . ." At the continued hearing, after the proof of service was filed, sanctions of $150 were imposed on Alden, payable to the county under Code of Civil Procedure section 177.5.[4] No challenge to this initial order is raised here.

Moyal, through her attorney Alden, then failed to file a joint at-issue memorandum as required by local rule 10.7(a) within 140 days after the defendant, Norman L. Lanphear, answered. Alden also failed to follow the procedures in local rules 10.7(b)(1)-(4) for obtaining an extension of time in which to file the memorandum or an alternative "Certificate: At Issue Not Filed."[5] The court subsequently issued and served on him its order to appear at a hearing March 4, 1988, pursuant to local rule 10.7(b)(5) which stated as of the time of the order: "Failure to timely file a joint at-issue

---

[1] These facts consist of a litany of excuses why Alden failed to diligently pursue Moyal's case: He took the case as a favor, believing local counsel would soon substitute in; local counsel failed to do so; Alden was in trial elsewhere at the time of the first missed hearing.

[2] The order of dismissal of Moyal's complaint constituted a judgment under Code of Civil Procedure section 581d and is properly reviewable here.

[3] The San Diego Superior Court version of fast track is embodied in section 10 (Administration of Civil Litigation) of the San Diego County Superior Court Local Rules. All subsequent references to these local rules will be simply "local rules."

[4] All statutory references are to the Code of Civil Procedure unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[5] On January 1, 1989, local rules 10.7(b)(1)-(4) were renumbered as local rules 10.7(c)(1)-(4). However, the text of the rules remained the same. These rules allow for an application for an extension of time for the filing of a joint at-issue memorandum when the case is not ready to proceed to trial, the memorandum itself is not ready to be filed, or discovery is not complete.

memorandum . . . will result in the issuance of an order to show cause why any party or counsel shall not be sanctioned for failure to do so."[6]

Alden failed to appear at the March 4 hearing. The court ordered the case monitored for 20 days and set another hearing date for March 25, 1988. The minute order shows the court stated it would consider dismissing the case if Alden failed to appear at the next hearing, but the file does not show this minute order was served on the parties.

The court then issued and served two orders to appear and show cause on March 25, 1988, citing sections 575.2 and 177.5 as grounds for imposition of sanctions. The initial order was directed to Alden, requiring him to appear and show cause why sanctions should not be imposed on him for his failure to appear at the March 4 hearing. The second order required Moyal to appear through her attorney and give any legal reason why the time standards of local rule 10 were not met. However, neither order specifically gave notice the court was considering dismissal of Moyal's complaint.

Both Lanphear's counsel and Alden appeared at the March 25 hearing. The record contains no reporter's transcript of that hearing and no written response to the orders to appear and show cause as permitted by local rule 10.2(c). The minute order of that hearing merely shows the court dismissed Moyal's complaint and imposed $450 in monetary sanctions on Alden, $300 payable to opposing counsel and $150 to the court.

Alden subsequently filed a notice of appeal on Moyal's behalf, adding himself as an appellant regarding the award of $450 monetary sanctions. The file shows no joint at-issue memorandum or "Certificate: At Issue Not Filed" has ever been filed, nor did Alden ever seek relief under section 473 from dismissal by alleging the orders were made due to his mistake, inadvertence, surprise or excusable neglect.

---

[6]Since the events in Moyal's case took place, local rule 10.7(b)(5) has been revised and renumbered 10.7(c)(5) effective January 1, 1989. It now provides: "Failure to timely file a joint at-issue memorandum . . . may result in the issuance of an order to show cause why any party or counsel shall not be sanctioned for failure to do so. If the court finds a party has refused or failed without justification to sign the joint at-issue memorandum, the court may order it deemed signed without objection."

DISCUSSION

I

Attorney's Standing to Appeal

■ Although Moyal was the only plaintiff at the trial court level, Alden included himself as an additional appellant in the notice of appeal. Generally an appeal may be taken only from a final judgment, from orders after judgment, and from specified appealable orders. (§ 904.1.) Alden, however, had a distinct and separate right to appeal this order imposing sanctions on an attorney as a collateral matter. (*Lachkar* v. *Lachkar* (1986) 182 Cal.App.3d 641, 645 [227 Cal.Rptr. 501], fn. 1.)

Although on a collateral appeal it would be the better practice for an attorney to file a separate notice of appeal, since he or she is not a party to the action below, we are directed by California Rules of Court, rule 1(a) to liberally construe the notice of appeal in favor of its sufficiency. The strong public policy in favor of hearing appeals on the merits operates against depriving an aggrieved party or attorney of a right to appeal because of noncompliance with technical requirements. (*Seeley* v. *Seymour* (1987) 190 Cal.App.3d 844, 853-854 [237 Cal.Rptr. 282]; *Jarkieh* v. *Badagliacco* (1945) 68 Cal.App.2d 426, 431 [156 P.2d 969].)

II

Standard of Review: Calendar Matters and Fast Track

■ As a threshold matter we recognize a trial court must be accorded wide latitude in the exercise of discretion to control and regulate its own calendar. (*Maximum Technology* v. *Superior Court* (1987) 188 Cal.App.3d 935, 937 [233 Cal.Rptr. 733].) The press of cases and a desire to manage and expedite a crowded calendar is of natural concern to the court. (*Hernandez* v. *Superior Court* (1985) 169 Cal.App.3d 1169, 1171 [215 Cal.Rptr. 755].) The Trial Court Delay Reduction Act mandates trial courts to resolve matters before them as expeditiously as possible, in recognition that delay reduces the chance that justice will in fact be done and often imposes severe emotional and financial hardship on the litigants. (Gov. Code, § 68601(b).) Government Code section 68601(c) outlines the limitations placed upon the speedy processing of civil matters required by the act: "Cases filed in California's trial courts should be resolved as expeditiously as possible, consistent with the obligation of the courts to give full and

careful consideration to the issues presented, and consistent with the right of parties to adequately prepare and present their cases to the courts."

Pursuant to the act, the San Diego Superior Court established its exemplary delay reduction program, otherwise known as fast track, in consultation with the county bar.

■ Generally, local rules of court and court policies have the force of procedural statutes, so long as they are not contrary to legislative enactments. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 28 [210 Cal.Rptr. 762, 694 P.2d 1134]; *Estate of Brown* (1987) 193 Cal.App.3d 1612, 1619 [239 Cal.Rptr. 147].) However, recent statutory amendment and case law has established that local rules regarding procedural time limits may deviate from statutory language in ways reasonably necessary to carry out the clearly stated and mandatory provisions and goals of the Trial Court Delay Reduction Act. (Gov. Code § 68612, as amended eff. Sept. 22, 1988; *International Union of Operating Engineers* v. *Superior Court* (1989) 207 Cal.App.3d 340 [254 Cal.Rptr. 782].) Nevertheless, the fact that this is a fast track case does not annul or make inoperative previous statutes or case law. (*Prudential-Bache Securities, Inc.* v. *Superior Court* (1988) 201 Cal.App.3d 924, 925 [247 Cal.Rptr. 477].)

■ In administering the fast track system, the trial court must exercise its discretion at each stage of a lawsuit in the process of bringing a case to trial, or alternatively, imposing sanctions such as dismissal. ■ Since trial management is a discretionary area, the proper standard of review for a challenge to trial management orders is abuse of discretion.

Discretion is abused whenever it exceeds the bounds of reason, all of the circumstances before it being considered. (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566; *Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339].) In exercising its discretion, the court does not have absolute and unlimited power; it must act with an impartial discretion guided and controlled in its exercise by fixed legal principles. (*Paul W. Speer, Inc.* v. *Superior Court* (1969) 272 Cal.App.2d 32, 37 [77 Cal.Rptr. 152], disapproved on other grounds in *Denham* v. *Superior Court, supra,* 2 Cal.3d 557, 563; and *Woolfson* v. *Personal Travel Service, Inc.* (1971) 3 Cal.3d 909, 912-913 [92 Cal.Rptr. 286, 479 P.2d 646].) As a reviewing court, we will not disturb this exercise of the trial court's discretion unless it appears that its order was a clear abuse or a miscarriage of justice. (*Denham* v. *Superior Court, supra,* at p. 566.)

We recognize, however, these well-established standards for the exercise of discretion must evolve with the changes in modern society, which lately

have included litigation delays of "scandalous proportions." (*Beverly Union Co.* v. *Superior Court* (1988) 206 Cal.App.3d 40, 43 [253 Cal.Rptr. 359].) The efforts of the Legislature and the trial courts to deal with this problem have been diligent and well-reasoned. In response, appellate standards for review of trial court discretion in this area necessarily will gradually evolve to adapt to the reality of these statewide pilot projects and innovations. Trial courts must be accorded maximum flexibility in calendar management, to the extent consistent with due process requirements.

### III

### Available Sanctions Under Fast Track

The provisions which afford the trial court with the specific authority to enforce the requirements of fast track may be summarized as follows. First, section 575.1 authorizes the superior court to enact rules providing for judicial management of pretrial activities. (*State of California* ex rel. *Public Works Bd.* v. *Bragg* (1986) 183 Cal.App.3d 1018, 1026 [228 Cal.Rptr. 576].) █ Counsel bears the professional responsibility to be aware of such local rules. (*Beverly Union Co.* v. *Superior Court, supra,* 206 Cal.App.3d 40, 43.)

Second, section 575.2(a) provides that if counsel or client fails to comply with any local rules providing for the supervision and judicial management of actions, the court on motion of a party or on its own motion may dismiss an action, or impose penalties of a lesser nature as otherwise provided by law. █ Section 575.2(b), however, places a limit upon the court's power in this regard by stating: "It is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

Section 575.2(b) thus constitutes an exception to the general rule the negligence of an attorney is imputed to the client. (*State of California* ex rel. *Public Works Bd.* v. *Bragg, supra,* 183 Cal.App.3d 1018, 1026.)

Next, section 177.5 provides the court has the power to impose reasonable monetary sanctions, payable to the county in which the court is located, for any violation of a lawful court order. The apparent purpose of this enactment is to compensate public agencies for the cost of unnecessary hearings.

Further, California Rules of Court, rule 227 authorizes a wide variety of sanctions for failure to comply with California Rules of Court, local rules,

and court orders. Such noncompliance is deemed an unlawful interference with the proceedings of the court, allowing the court to impose, for example, monetary sanctions or changes in the calendar status of an action.

Government Code section 68609(d) reiterates the powers created by the above sections by stating the trial courts in enforcing fast track requirements have all the powers to impose sanctions authorized by law, including dismissal. A recent amendment to this section, effective September 22, 1988, emphasizes that while dismissal is a favored sanction for lack of diligent prosecution of an action, it should only be ordered if under all the circumstances of the case, lesser sanctions would not be effective. Although this amendment had not yet been enacted at the time Moyal's complaint was dismissed, it is consistent with one of the original policy statements in the Trial Court Delay Reduction Act, favoring resolution of matters after full and careful consideration of the issues presented. (Gov. Code, § 68601(c).)

Therefore, sections 575.1, 575.2, 177.5, and California Rules of Court, rule 227, together with Government Code section 68609(d), provide a comprehensive statewide scheme of regulation of fast track matters, which attempts to balance the need for expeditious processing of civil matters with the rights of individual litigants.

Moreover, local rule 10.7(b)(5) (now 10.7(c)(5); see fn. 6, *ante*), providing for the imposition of sanctions for failure to timely file a joint at-issue memorandum, along with other local rules regarding sanctions, supplement the statewide scheme outlined above.

Missing from this scheme, however, is any specific indication from the Legislature on how these stringent sanctions and dismissal provisions are to be implemented without offending traditional standards of trial court discretion and well-established policies favoring resolution of cases on their merits rather than on procedural grounds. (*Denham* v. *Superior Court, supra,* 2 Cal.3d 557, 566.) As earlier pointed out by this court in *Prudential-Bache Securities, Inc.* v. *Superior Court, supra,* 201 Cal.App.3d 924, previous standards governing the business of the trial court remain in effect; however, they must be analyzed in light of this legislative response to trial court delay.

Here, after issuing orders to appear and show cause regarding sanctions and conducting a hearing on the issue, the trial court exercised its discretion to impose monetary sanctions on Alden and to dismiss Moyal's action. We examine separately the propriety of the court's action in imposing each form of sanction.

501

## A

## Monetary Sanctions

■ The imposition of sanctions, monetary or otherwise, is within the discretion of the trial court. That discretion must be exercised in a reasonable manner with one of the statutorily authorized purposes in mind and must be guided by existing legal standards as adapted to current circumstances.

Inherent in our review of the exercise of discretion in imposing monetary sanctions is a consideration of whether the court's imposition of sanctions was a violation of due process. (*Brekhus & Williams* v. *Parker-Rhodes* (1988) 198 Cal.App.3d 788, 792 [244 Cal.Rptr. 48].) Due process principles require fair warning and an opportunity to be heard. (*Id.* at pp. 792-793; § 177.5.) Here, San Diego's fast track local rule 10.7(b)(5) (now 10.7(c)(5); see fn. 6, *ante*), dealing with the consequences of a failure to file a joint at-issue memorandum, places attorneys and parties on notice that sanctions may be imposed for noncompliance with the rule.

When Alden failed to file a joint at-issue memorandum and subsequently failed to comply with a court order to appear, the court sent notices to Alden, both on his own behalf and as Moyal's attorney, requiring him to appear and explain why the memorandum was not filed and why sanctions should not be imposed.[7] Alden made an appearance at this noticed hearing. Under the circumstances here Alden had more than adequate notice and was provided with a sufficient opportunity to be heard on the issue of monetary sanctions. He cannot complain he had no knowledge of the risk of having monetary sanctions assessed against him since he had earlier been assessed sanctions for a similar mistake for failing to timely file proof of service.

Clearly Alden was not complying with the fast track rules or policies. His failure to appear at a court-ordered hearing cost the court and opposing counsel the expense of both time and money. Under these facts the monetary sanctions imposed on Alden were reasonable and appropriate. The dismissal sanction imposed against Moyal, however, is a different story.

---

[7] In appellant's brief, Moyal states: " . . . the imposition of monetary sanctions on plaintiff and her attorney . . . was an abuse of discretion." In fact, the minute order clearly shows the trial court imposed monetary sanctions solely on Alden and made those sanctions payable to opposing counsel and the court. Where such an order is made, the attorney is responsible for the payment of those sanctions.

## B

### Dismissal Sanction

At the noticed hearing regarding sanctions, the court dismissed Moyal's complaint. Both orders setting that hearing cited sections 575.2 and 177.5 as grounds for sanctions to be considered at the hearing. However, these orders did not give specific notice the dismissal of the complaint was also under consideration. We must therefore determine whether the court abused its discretion in dismissing the action as well as address the closely related question whether these orders afforded adequate due process protection to Moyal.

In the fast track context as well as in more traditional settings, due process is a flexible concept which must be tailored to the requirements of each particular situation. (See *In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 654.) Without the procedural protections of due process, the trial court cannot ensure the fairness of the process or the result. (*Id.* at p. 653.)

As discussed earlier, although section 575.2(a) permits the court to dismiss an action where a party or counsel fails to comply with any requirements of the local rules, section 575.2(b) provides a limitation on this power. The Legislature has made clear its intent a party's cause of action should not be impaired or destroyed by his or her attorney's procedural mistakes. (*State of California* ex rel. *Public Works Bd.* v. *Bragg, supra,* 183 Cal.App.3d at p. 1026.) Further, the court is required to invoke section 575.2(b) on its own motion when appropriate to guarantee the protection of an innocent party's right of action. (*Id.,* at pp. 1028-1029.)

Government Code section 68609(d), as recently amended (see pt. III, *ante*) confirms the intent of the Legislature that a dismissal sanction should be imposed only if it appears less severe sanctions would not be effective, taking into account the effect of previous sanctions or previous lack of compliance with court orders or deadlines in the case. This legislative approach is consistent with long-standing judicial policy, also adopted by Government Code section 68601(c), that cases should be resolved on their merits rather than on procedural grounds wherever possible. (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566.)

Here, it would have been possible for Alden to avail himself of one of the various methods to avoid issuance and finality of the dismissal order (e.g., filing a "Certificate: At Issue Not Filed" or a motion for relief under § 473). He never did so, thus failing to protect the rights of his client. Nevertheless, the trial court was not justified in dismissing the action under these circum-

stances. The dismissal order made here fails to meet both abuse of discretion and due process standards. First, the court failed to exhaust all other potential means for securing compliance with local time requirements for filing the joint at-issue memorandum or one of its alternatives before dismissing the complaint. Once it obtained Alden's attendance and attention at the hearing, it could have set a firm date for the filing of the joint at-issue memorandum or "Certificate: At Issue Not Filed," and in conjunction with the order specifically noticed a dismissal hearing if the deadline were not met. It did neither.

Second, the sanctions notice regarding dismissal given Moyal fails to comply with the letter and spirit of section 575.2(b), by requiring a greater degree of legal knowledge on her part than she, as a layperson, could reasonably be expected to have. Specifically, these orders required her as a party to have knowledge that section 575.2 contained a dismissal provision. Alden's failure to comply with the procedural requirement of filing the joint at-issue memorandum properly resulted in penalties upon him, but should not at this stage of the lawsuit have resulted in a termination sanction without more complete notice of the risk of dismissal which might have served to inform Moyal of her attorney's apparent delinquencies.

The loss of a party's cause of action is a greater hardship than an attorney's loss of money through imposition of sanctions and accordingly requires more accurate and complete notice. The drastic measure of dismissal should only be used where there is a clear showing that the client is the cause of counsel's failure to comply with local fast track rules, e.g., where the client will not cooperate with or supply necessary material to his or her attorney or where no other reasonable sanction will produce compliance with the rules and orders of the court. Under the circumstances here, the trial court's order dismissing Moyal's complaint was not made upon adequate notice and thereby violated her due process rights.

To remove a case from the trial track without exhausting every reasonable means to achieve compliance with the court's standards would favor efficiency above the pursuit of justice. (See *Hernandez* v. *Superior Court, supra,* 169 Cal.App.3d at p. 1171.) In light of the early stage of this litigation and the procedural nature of the missed deadline, the sound exercise of discretion required the court to consider and use other less extreme sanctions before dismissing Moyal's action. Although the imposition of a dismissal sanction in a more extreme case would clearly be authorized by the Trial Court Delay Reduction Act, in this case we conclude the order of dismissal constituted an abuse of discretion and must be reversed.

## DISPOSITION

The order dismissing the action is reversed with directions to allow the joint at-issue memorandum or "Certificate: At Issue Not Filed" to be filed if submitted within 30 days of finality of this opinion. The order awarding monetary sanctions is affirmed and Alden is ordered to pay the sanctions within 30 days of finality of this opinion. The parties are to bear their own costs on appeal.

Work, Acting P. J., and Froehlich, J., concurred.