Filed 11/5/24  Buus v. Khoilian CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| WILLIAM L. BUUS, | |
| Plaintiff and Appellant, | G063112 |
| v. | (Super. Ct. No. 30-2020-01167397) |
| RUBEN KHOILIAN, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Kimberly A. Knill, Judge. Reversed.

William L. Buus, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

\*          \*          \*

This is an appeal from an order sanctioning attorney William L. Buus after his client refused to travel from New York to California for a trailing trial date. The court summarily sanctioned Buus $1,500.00. We conclude the sanctions order was not supported by substantial evidence, and

we therefore reverse the order. We also direct the clerk of the court to send a copy of this opinion to the State Bar of California.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

We need not belabor the underlying facts. In 2020, Buus's client, plaintiff Samarian Products LLC (Samarian), filed this case against several defendants, including Ruben Khoilian, for breach of contract, fraud, and several other causes of action.

On September 8, 2023, during a remote hearing, counsel answered ready for trial. The case was referred to a different department for trial assignment as a one-day bench trial. The court ordered that the case would begin trailing on September 11 through September 14. The matter was placed on one-hour call. "Counsel/parties are placed on call to remain ready to respond to phone calls from the court immediately (no later than within 15 minutes) and be ready to appear upon 1 hours' notice to commence trial. Counsel/parties have provided the Clerk with contact numbers that will assure receipt of trial assignment notification and immediate response. [¶] Failure to comply may subject counsel to sanctions pursuant to Code of Civil Procedure section 177.5."[1] According to the minute order, no court reporter was present. Although every other minute order in the record is accompanied by a clerk's certificate of mailing/electronic service, there is not such a certificate for the September 8 minute order.

The next minute order is dated September 11, at 9:21 a.m., from the same department that issued the September 8 order. There were no appearances. A judge had become available to conduct the trial. Buus had contacted the clerk and advised that Samarian's representative was currently

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

2

in New York and had not traveled to California for the trailing trial date. Meanwhile, Samarian had settled with two defendants, and Buus informed the clerk he would be submitting a notice of settlement as to those two defendants.

The court noted it had informed counsel that the case would be on the trailing list and must be ready when called upon. The court ordered Buus to appear at 11:00 a.m. that same date, and scheduled an order to show cause (OSC) pursuant to section 177.5 for that time, with less than two hours' notice.

The next minute order is from the OSC hearing later that morning. The court asked Buus where the plaintiff's representative was. The minute order states: "Counsel for plaintiff states plaintiff's representative is currently in New York. Counsel for plaintiff informed his client the case would be placed on the Civil Trailing Trial list on Monday, however, indicates plaintiff's representative did not want to come to California until the trial date was certain." The court stated it had informed all counsel "that the likelihood of this case being picked up quickly would be great, although the court could not guarantee but all counsel and parties must be ready for trial on Monday, September 11, 2023." The court found Buus in violation of a court order and ordered sanctions against him of $1,500.00, payable to the court. When asked, Buus stated plaintiff's representative could be present on September 18, and trial was continued to that date.

On September 12, the court issued a minute order referring the sanctions matter to the State Bar of California. On September 13, Samarian dismissed the case as to all of the remaining defendants except Khoilian. A notice of conditional dismissal of the entire case was filed on September 14.

The court vacated the trial date. Khoilian was dismissed later, in November, with the court retaining jurisdiction to enforce a settlement agreement.

## DISCUSSION

### I.

#### APPEALABILITY

An award of sanctions is appealable following a dismissal of the action. (*Manhan v. Gallagher* (2021) 62 Cal.App.5th 504, 508–509.)

### II.

#### SUBSTANTIAL EVIDENCE

The court sanctioned Buus pursuant to section 177.5, which states, in relevant part: "A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the court, for any violation of a lawful court order by a person, done without good cause or substantial justification. . . . [¶] Sanctions pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or on the court's own motion, after notice and opportunity to be heard. An order imposing sanctions shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

Thus, sanctions under section 177.5 require a knowing violation of a valid order of the court without good cause or substantial justification. (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 499–500; see *Conservatorship of Becerra* (2009) 175 Cal.App.4th 1474, 1480–1481.) "The imposition of sanctions, monetary or otherwise, is within the discretion of the trial court. That discretion must be exercised in a reasonable manner with one of the statutorily authorized purposes in mind and must be guided by existing legal standards as adapted to the current circumstances." (*Moyal v. Lanphear,*

4

*supra,* 208 Cal.App.3d at p. 501.) A sanctions award not supported by substantial evidence is subject to reversal on appeal. (*Id.* at pp. 503–504.*)*

The record does not support sanctions against Buus. Buus did not personally violate the court's September 8 order. His client may have,[2] but the circumstances do not support the court holding Buus responsible for the client's decision not to appear. An attorney can only do so much when it comes to managing a client's actions. An attorney can counsel, recommend, cajole, insist, and even beg, but one thing an attorney cannot do is physically force a client onto a plane to fly across the country. There is no evidence supporting an inference that Buus did not inform his client of the court's order—he represented to the court that he did so, and there is simply no evidence to the contrary. Buus therefore fulfilled his duties, and we cannot find substantial evidence to support the conclusion that Buus knowingly or intentionally violated the court's order.

Further, the sanctions order in this case raises troubling due process questions. Section 177.5 requires "notice and opportunity to be heard." The notice in this case was less than two hours. Buus clearly had no opportunity to file a declaration from himself or his client, or to offer any other kind of written opposition. We do not know exactly what was said or what opportunity to speak Buus was given at the OSC hearing, because no court reporter was present.

We find the summary nature of this proceeding potentially inconsistent with due process, especially in light of the court's decision to impose the maximum amount of sanctions, which was referred to the State

---

[2] The absence of a Certificate of Mailing for the September 8 minute order is troubling, but Buus does not argue that he lacked actual notice of the court's order.

5

Bar of California. Given that in the absence of a reporter's transcript we cannot know if due process requirements were met, we conclude this is an independent reason to reverse the sanctions order.

DISPOSITION

The order is reversed. The clerk of the court is directed to send a copy of this opinion to the State Bar of California. In the interest of justice, each party shall bear their own costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.