Filed 1/2/26  Yang v. Evan Paul Motorcars CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KATHLEEN YANG, | G063522 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 30-2021-01204953) |
| EVAN PAUL MOTORCARS et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge. Reversed and remanded.

DRE, Darren M. Richie and Clemente Gonzalez for Plaintiff and Appellant.

Maralan Law and Sam Maralan for Defendants and Respondents Evan Paul Motorcars, Evan Paul Auto Capital, LLC, and Evan Paul.

Schell Nuelle, Troy Schell, John Nuelle and Michael G. Dawson for Defendants and Respondents Evan Paul Auto Holdings and Evan Paul Auto Leasing, LLC.

Plaintiff Kathleen Yang contends the trial court erred by imposing terminating sanctions under Orange County Superior Court Local Rules, rule 381 (local rule 381). The trial court dismissed Yang's lawsuit with prejudice after finding Yang's counsel had failed to comply with the pretrial requirements of Orange County Superior Court Local Rules, rule 317 (local rule 317) and to otherwise diligently prosecute the case, to the prejudice of defendants Evan Paul Motorcars, Evan Paul Auto Capital, LLC, Evan Paul Auto Holdings, Evan Paul Auto Leasing, LLC, and Evan Paul (collectively, the Evan Paul defendants).

We reverse. While Code of Civil Procedure section 575.2, subdivision (a) authorizes the dismissal of an action as a sanction for a violation of a local rule, subdivision (b) of that code section precludes a trial court from dismissing a lawsuit as a sanction when the failure to comply with a local rule is solely the fault of a party's attorney.[1] As the trial court found Yang's counsel was responsible for Yang's failure to comply with local rule 317 and to otherwise diligently prosecute the case, the trial court erred in sanctioning Yang by dismissing this lawsuit with prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

Yang initiated this action in June 2021 when she filed a complaint against the Evan Paul defendants, asserting claims for wrongful constructive termination, breach of fiduciary duty, fraud or deceit, misrepresentation, and unjust enrichment. On August 19, 2022, the trial court calendared the jury trial for September 5, 2023. Shortly before the

---

[1] All further statutory references are to the Code of Civil Procedure.

2

scheduled trial date, the trial court accepted the parties' stipulation and the trial was continued to October 9, 2023.

## I.

### THE PARTIES DO NOT COMPLY WITH LOCAL RULE 317 IN ADVANCE OF THE OCTOBER 9, 2023 TRIAL DATE

As of October 4, 2023, the parties had not complied with the pretrial requirements of local rule 317.[2] In a declaration dated October 4, 2023, Sam Maralan, counsel for three of the Evan Paul defendants, filed a declaration "to explain to the [trial court] [his] efforts to comply with [l]ocal [r]ule 317 and the [trial court]'s rules with respect to preparation of pretrial documents and filings for the upcoming trial . . . scheduled for October 9, 2023." In his declaration, Maralan described his communications with Yang's counsel to schedule a meeting to complete the pretrial requirements and stated he last e-mailed counsel on September 29, 2023 asking counsel to let him know when they could meet. Maralan stated he planned to make himself and his clients available for the October 9, 2023 trial date but added that if the trial was not then continued, he anticipated moving for dismissal of the action pursuant to local rule 381(B).

---

[2] Local rule 317 requires the plaintiff to arrange an issues conference at which the parties must meet and confer and, inter alia, exchange exhibits and motions in limine; determine facts amenable to stipulation; prepare a joint statement of the case, a joint witness list, and a joint list of controverted issues; discuss any proposed voir questions; and execute a statement of compliance. Local rule 317 also requires the parties to prepare and deliver to the court by the Wednesday before trial a joint trial notebook, and to bring with them on the date set for trial exhibit notebooks, and, when applicable, motion in limine notebooks.

## II.

### THE TRIAL COURT FURTHER CONTINUES THE TRIAL AND ISSUES AN ORDER TO SHOW CAUSE RE THE ISSUANCE OF TERMINATING SANCTIONS AGAINST YANG'S COUNSEL

On the date set for trial, one of Yang's attorneys informed the trial court Yang was not ready to proceed with trial because her trial counsel, Alexis King, "had on or about September 8, 2023, unexpectedly left the firm for a medical reason." Counsel stated Yang "had tried to file two ex parte applications to continue trial" that had been "reserved, but were not filed." Counsel requested further continuance of the trial.

After stating it had read Maralan's October 4, 2023 declaration, the trial court inquired about the parties' compliance with local rule 317 and Yang's request for another trial continuance. Maralan informed the court the parties had previously agreed to a six-month continuance of the trial date, but that stipulation had been rejected by the court. Maralan stated the Evan Paul defendants were prepared to move forward with trial (although two of the five named defendants who were not represented by Maralan were not then present), and further stated he objected to a further continuance of the trial date. Maralan requested the court issue an order to show cause "regarding dismissal/terminating sanctions pursuant to . . . section 581[, subdivision ](b)(5)."

The trial court stated it concluded section 581, subdivision (b)(5)[3] did not apply to the matter. The court noted that as of August 23, 2023, however, Yang was not only aware of the October 9, 2023 trial date, but also

---

[3] Section 581, subdivision (b)(5) provides that an action may be dismissed "[b]y the court, without prejudice, when either party fails to appear on the trial and the other party appears and asks for dismissal."

4

that the trial date had not been continued from that date. The trial court stated, notwithstanding the foregoing, Yang's counsel failed to comply with local rule 317. The court also found Yang had not been diligent in prosecuting the case or in seeking a trial continuance.

The trial court both continued the jury trial to November 27, 2023 and issued an order to show cause (OSC) re "Monetary/Terminating sanctions against [Yang]'s counsel for failure to comply with [l]ocal [r]ule 317 and failure to prosecute case in a timely manner," to be heard on the new trial date.

## III.

### THE TRIAL COURT DISMISSES THE CASE WITH PREJUDICE

At the November 27, 2023 hearing on the OSC, the trial court observed none of the pretrial documents required by local rule 317 had yet been received by the court. After one of Yang's attorneys cited the parties' prior stipulation to continue the trial through April 2024, the trial court again noted the trial court's prior rejection of that stipulation.

Yang's attorney argued, "if [Yang]'s counsel could be blamed for failure to comply with [l]ocal [r]ule 317, terminating sanctions against [Yang] would be improper." Counsel further argued, in any event, "the [OSC] regarding Monetary/Terminating Sanctions was against [Yang]'s counsel, not [Yang]."

Maralan argued the Evan Paul defendants were prejudiced by Yang's counsel's failure to comply with local rule 317 and terminating sanctions were appropriate.

The trial judge imposed terminating sanctions pursuant to local rule 381. In its minute order dated November 27, 2023, the court explained: "This matter was filed June [ ]9, 2021, with trial having been set in this

5

matter over a year ago. On October 9, 2023, [Yang]'s counsel Diego G. Brito appeared with Defense counsel Sam Maralan. The [c]ourt at that time had indicated that [Yang]'s counsel had not acted with diligence to prosecute this case in a timely ma[nn]er. The [c]ourt finds [d]efendants have been prejudiced by the actions of [Yang]'s counsel in prosecuting this case. The [c]ourt orders the entire action dismissed with prejudice." The same day, the court also signed an order of dismissal.

## IV.

### YANG FILES BOTH A MOTION TO SET ASIDE THE JUDGMENT OF DISMISSAL AND AN APPEAL FROM THAT JUDGMENT

On December 21, 2023, Yang filed a motion to set aside the judgment of dismissal under section 473, subdivision (b).[4] Seven days later, Yang appealed from the judgment of dismissal. In April 2024, the trial court declined to rule on the motion to set aside the judgment of dismissal on the ground it lacked jurisdiction, given the pending appeal from the judgment itself.

## DISCUSSION

## I.

### THE TRIAL COURT ERRED BY DISMISSING THE LAWSUIT SOLELY BASED ON YANG'S COUNSEL'S FAILURE TO COMPLY WITH LOCAL RULE 317 AND OTHERWISE DILIGENTLY PROSECUTE THE ACTION

The trial court imposed terminating sanctions pursuant to local rule 381 based on Yang's counsel's failure to comply with local rule 317 and

---

[4] The trial court's signed order of dismissal constitutes a judgment pursuant to section 581d, which provides in relevant part: "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes."

6

diligently prosecute this case in a timely manner. Local rule 381 authorizes the trial court to dismiss a lawsuit when a party has failed to comply with local court rules or has failed to diligently prepare the case for trial. That rule states in relevant part: "Upon notice and after hearing, if the court finds any counsel, a party represented by counsel, or a self-represented party has failed to comply with those local court rules or has not proceeded with due diligence in preparing the case for trial, the court, on motion of a party or on its own motion, may: [¶] . . . [¶] B. Dismiss the action or proceeding or any part thereof."

The Code of Civil Procedure, however, prohibits the dismissal of an action based on the failure to comply with local rules when that failure is solely the responsibility of a party's counsel and not the party itself. Section 575.1 authorizes the preparation and approval of superior court local rules "designed to expedite and facilitate the business of the court" (§ 575.1, subd. (a)). Section 575.2, subdivision (a) provides: "Local rules promulgated pursuant to Section 575.1 may provide that if any counsel, a party represented by counsel, or a party if in pro se, fails to comply with any of the requirements thereof, the court on motion of a party or on its own motion may strike out all or any part of any pleading of that party, *or, dismiss the action or proceeding or any part thereof*, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law, and may order that party or his or her counsel to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney fees. No penalty may be imposed under this section without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed." (Italics added.)

7

Subdivision (b) of section 575.2, however, provides the following well-established and long-standing caveat: "It is the intent of the Legislature that if a failure to comply with these rules is the *responsibility of counsel and not of the party*, any penalty shall be imposed on counsel and *shall not adversely affect the party's cause of action* or defense thereto." (Italics added; see *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1353 [noting in *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 471 (*Garcia*), "[w]e concluded a trial court was without authority to dismiss an action for failure to comply with local fast track rules, because such a dismissal contravened a statute establishing that sanctions for failure to comply with these rules should fall on counsel, and not on the party, if counsel was responsible for the failure to comply"]; *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 212 [Section 575, subdivision (b) "cautions that 'any penalty' arising from the dereliction of counsel, as distinct from a client, must be visited only on counsel" and "[t]he clear implication of subdivision (b) is that in cases where failure to comply with some local rule is not attributable to the client, then dismissal of the *client's* case is off limits" as "[t]he client's case may not be adversely affected by malfeasance solely attributable to the attorney"]; *Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 503 ["The drastic measure of dismissal should only be used where there is a clear showing that the client is the cause of counsel's failure to comply with local fast track rules, e.g., where the client will not cooperate with or supply necessary material to his or her attorney or where no other reasonable sanction will produce compliance with the rules and orders of the court"]; *State of California ex rel. Public Works Bd. v. Bragg* (1986) 183 Cal.App.3d 1018, 1026 ["Section 575.2, subdivision (b), is thus an exception to the general rule that the negligence of an attorney is

8

imputed to the client . . . with the client's only recourse a malpractice action against the negligent attorney"].)

Here, the record shows the trial court dismissed the case solely based on Yang's counsel's failure to comply with local rule 317. In its minute order, noting "no 317 documents ha[d] been received" by the court, the court explained the reason for dismissing the action was because "[Yang]'s *counsel* had not acted with diligence to prosecute this case in a timely matter" and the Evan Paul defendants "ha[d] been prejudiced by the actions of [Yang]'s *counsel* in prosecuting this case." (Italics added.)

We acknowledge circumstances might support imputing an attorney's failure to comply with local rules to the attorney's client for purposes of local rule 381. For example, a party's repeated violations of identical local rules over the course of litigation in which the party is represented by multiple attorneys in succession might support the inference the party is the driving force behind the violations, and not the party's counsel.

Our record does not show any such circumstances existed here. To the contrary, nothing in the court's minute order, the signed order of dismissal, or any other part of the record suggests Yang personally was in any way responsible for her counsel's failure to comply with rule 317 and proceed with due diligence in preparing the case for trial. We therefore must reverse the judgment and remand for further proceedings.

Following remand, we see no impediment to the trial court resetting an order to show cause hearing to consider the imposition of lesser sanctions against Yang and/or her counsel, pursuant to section 177.5 and local rule 381, for violating local rule 317 and otherwise failing to proceed with due diligence in preparing the case for trial.

9

Our reversal of the judgment should not be construed as in any way condoning the abject failure of Yang's counsel to prepare for trial twice. Counsel's lack of diligence threatens the efficient and effective administration of justice in the trial court and falls short of the civility guidelines promulgated by the Orange County Bar Association, encouraging attorneys to timely respond to communications from the other side, respect the court's time, and prepare for every court appearance.

## II.

### WE DO NOT REACH YANG'S SECTION 473, SUBDIVISION (b) CHALLENGE TO THE JUDGMENT

In her opening brief, Yang also argues the trial court erred by denying her motion to set aside the judgment under section 473, subdivision (b). Because we reverse the judgment of dismissal and remand for further proceedings, we do not address whether the trial court erred by declining to rule on Yang's section 473, subdivision (b) motion for lack of jurisdiction given Yang's then pending appeal from the judgment of dismissal itself.

## III.

### WE DECLINE TO IMPOSE SANCTIONS ON ANY PARTY

During the pendency of this appeal, some of the Evan Paul defendants filed a motion to dismiss Yang's appeal based on deficiencies in Yang's opening brief and appendix. The remaining defendants joined in that motion. In an order filed on January 10, 2025, we denied the motion to dismiss but granted the Evan Paul defendants' alternative request to strike Yang's opening brief and appendix, resulting in Yang's default for failure to file a timely opening brief and appendix.

10

In our order, we explained Yang's appeal would be dismissed if Yang failed to remedy the default by filing a corrected appendix and opening brief within 15 days of our order. In addition, we ordered Yang's counsel to (1) review every page of the appendix to ensure each page is legible and an accurate copy of what was filed in the trial court; and (2) provide accurate pinpoint citations to the record in the opening brief and to legal authority.

Our order provided that "[i]n their merits briefing," the Evan Paul defendants "may identify and address any remaining deficiencies in the corrected opening brief and appendix." Our order further stated: "The court will decide in conjunction with the decision on appeal whether to strike any noncomplying portions of the corrected opening brief and appendix, and/or whether to impose monetary sanctions on appellant."

In their respondents' briefs, the Evan Paul defendants argue Yang's corrected appellant's appendix and opening brief are defective and they should be awarded monetary sanctions accordingly. We agree that, regrettably, Yang's corrected opening brief and appendix persist in containing some errors. For example, the appendix fails to include the correct, final settled statement and fails to arrange its contents in chronological order as required by rule 8.144(b)(2)(C) of the California Rules of Court.

We also observe, however, the Evan Paul defendants failed to cite controlling authority dispositive to the resolution of the issue in this appeal in their respondents' briefs. Rule 3.3 of the California Rules of Professional Conduct provides that a lawyer shall not "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

11

Although some of the Evan Paul defendants cite section 575.2, subdivision (a) in their respondents' brief, *none* of the Evan Paul defendants cite section 575.2, subdivision (b), which is dispositive here in its prohibition against the dismissal of a lawsuit solely based on the fault of a plaintiff's counsel to comply with local rules. Nor do any of the Evan Paul defendants cite *Garcia, supra*, 16 Cal.4th 469 or *Elkins v. Superior Court, supra*, 41 Cal.4th 1337, or the progeny of those California Supreme Court cases, which interpret and apply section 575.2, subdivision (b).

Notwithstanding our aforementioned concerns, we decline to impose sanctions on any party but admonish all parties as to the importance of full compliance with the California Rules of Court and the California Rules of Professional Conduct.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings. Appellant to recover costs on appeal.


MOTOIKE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


SCOTT, J.

12