[Civ. No. 8409.   Third Dist.   May 18, 1954.]

CLARA G. HAINES et al., Appellants, v. DEPARTMENT OF EMPLOYMENT et al., Respondents.

R. H. Schwab for Appellants.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, William L. Shaw, Vincent P. Lafferty and Charles J. Miller, Deputy Attorneys General, for Respondents.

VAN DYKE, P. J.—Appellants petitioned the superior court for a writ of mandate directed against the department, compelling it to show cause why certain so-called arbitrary assessments it had made for unemployment insurance contributions claimed by it to be due and payable from appellants as employers pursuant to the Unemployment Insurance Act should not be canceled. Petitioners allege that, pursuant to the act, the department had on May 30, 1950, levied an arbitrary assessment against them for the reason "that no returns for contributions were filed by them"; that the assessment was on account of contributions alleged to have become due and owing for the period commencing June 1, 1942, through September 30, 1945; that during that period the section of the act, to wit, section 45.5, which authorized the arbitrary assessment, was as that section had been enacted in 1939 and amended in 1943; that the department had no jurisdiction in May of 1950 to make said arbitrary assessment on account of contribution liability arising during the period January 1, 1942, to September 30, 1945, for the reason that "the law in force at the time the alleged contributions became due was repealed in 1945 prior to the date of said assessment," and the repealing act contained no saving clause. Section 45.5 of the act, which provides for assessments where an employer fails to file a return, was first added to the act by Statutes of 1939, chapter 630. The section was amended by Statutes of 1943, chapter 1114, and was repealed by section 1 of Statutes of 1945, chapter 561. Its provisions, however, were substantially reenacted by section 2 of said chapter 561. Petitioners' claim is that, notwithstanding a substantial concurrent reenactment of the provisions authorizing assessments where an employer has made no return, the effect of the repealing clause is to divest the board of jurisdiction to make such assessments on account of contributions falling due before the repealing clause was enacted. This contention cannot be sustained.

The Unemployment Insurance Act is one devoted to the relief of unemployment. Speaking broadly, the subject legislation establishes a fund for such relief; places a liability on both employers and employees to pay contributions into that fund and directs the use of the fund in relieving against the

incidence of unemployment. The act contains various provisions, including the power of arbitrary assessment where no return is made, for compelling the payment of contributions into the fund. With respect to the primary liability of the petitioners, their petition is silent and contains no allegations that during the assessment period they were not employers obligated to withhold employee contributions, to add their own contributions, and pay the whole into the fund. ██ Essentially, therefore, their contention is that by repealing one statutory method of compelling them to discharge their obligations to the fund the state has forgiven the debt. Such a result could hardly flow from a statute which repealed the provisions as to one only of the various methods which the statute contains whereby the obligation to pay into the fund could be enforced.

But even if the repealing clause be taken as effecting a release of existing liability, still the simultaneous reenactment of provisions substantially the same would preserve that liability.

██ ". . . When a statute is repealed without a saving clause, and as a part of the same act the law is simultaneously reenacted in substantially the same form and substance, all rights and liabilities which had accrued under the former act will be preserved and enforced. (25 R.C.L., p. 934, § 186; *Perkins Mfg. Co.* v. *Clinton Const. Co.*, 211 Cal. 228, 237 [295 P. 1, 75 A.L.R. 439].) In Ruling Case Law above cited, it is said: 'Where a statute is repealed and all, or some, of its provisions are at the same time reenacted, the reenactment neutralizes the repeal, and the provisions of the repealed act which are thus reenacted continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced.' " (*Estate of Naegely,* 31 Cal.App.2d 470, 473-474 [88 P.2d 715].)

The problem presented is one of statutory construction and makes apt the following quotation from *Los Angeles etc. Transp. Co.* v. *Superior Court,* 211 Cal. 411, 418 [295 P. 837] :

"We think it is not strictly true to say that the legislative intention must be ascertained solely from the language of the Repealing Act. Rather it should be said that if from contemporaneous enactments it is disclosed that the legislature did not intend to abandon the revenue from this particular source, but did intend to continue it in the same or a similar form of revenue exactions, then the general rule would not apply and those subject to payment under the

act repealed would be holden for payment under the continued revenue plan.''

Turning now to a comparison of section 45.5 as it existed before its repeal with the new section 45.5 as simultaneously enacted, we find that both contain a provision that if any employment unit fails to make a return as to its liability for contributions, an assessment may be made upon whatever information is available in the absence of such return to those authorized to make such assessment for the period not reported upon. It, therefore, becomes apparent that there has been no interruption in the power given by the act to make so-called arbitrary assessments whenever an employing unit has failed to make the report which the statute requires or to make the contributions called for by the report. It follows that the order of the superior court sustaining respondents' demurrer to the petition without leave to amend must be affirmed. It should be added that there is no suggestion on the part of appellants that if the effect of the repealing clause was not as they contended it to have been they have any other ground for the issuance of the writ prayed for which could have been brought forward by amendment to their petition.

We have in effect decided this matter upon the merits, although respondents have urged that, in any event, the writ prayed for was not available for the following reasons: 1. That the petition is an effort to have the court cancel certain assessments levied against petitioners by the Department of Employment, which assessments have not been paid and that, therefore, section 4511d of the Unemployment Insurance Act, forbidding the issuance of injunctions or writs of mandate or other equitable or legal process to prevent or enjoin the collection of contributions sought to be collected stands as a complete bar to the issuance of the writ sought; 2. That, although the petition is silent upon the matter, the briefs of petitioners disclose that petitioners have not exhausted their administrative remedies. Our foregoing decision is not to be taken as an implied holding that these contentions of respondents are not sound.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied June 9, 1954, and appellants' petition for a hearing by the Supreme Court was denied July 14, 1954.