Filed 3/8/19

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| YORK HEALTHCARE & WELLNESS CENTRE LP, etc., | ) ) ) | No. BV 032739 |
| | ) | Central Trial Court |
| Plaintiff and Appellant, | ) ) | No. 16K08762 |
| v. | ) ) | |
| STATE DEPARTMENT OF PUBLIC HEALTH, | ) ) ) | |
| | ) | |
| Defendant and Respondent. | ) ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Tagasuki, Judge. Affirmed.

Hanson Bridgett LLP, Ann Mary Olson, Jillian Somers Donovan, for Plaintiff and Appellant York Healthcare & Wellness Centre LP, dba York Healthcare & Wellness Centre.

Xavier Becerra, Attorney General, Richard T. Waldow, Supervising Deputy Attorney General, and Nicole J. Kau, Deputy Attorney General, for Defendant and Respondent State Department of Public Health.

\*          \*          \*

INTRODUCTION

York Healthcare & Wellness Centre LP, dba York Healthcare & Wellness Centre (York) was given a $20,000 citation by the State Department of Public Health (the Department) for failing to properly care for one of the residents at its nursing care facility, and it appealed by bringing a limited civil action under Health and Safety Code section 1428, subdivision (b) (1428(b)). Because York failed to timely file a case management statement (CMS) within six months of the filing of the Department's answer, the trial court granted the Department's motion to dismiss and entered judgment against York. York appeals the judgment and, as discussed below, we affirm.

The operative statute states, "Notwithstanding any other provision of law, a licensee prosecuting a judicial appeal shall file and serve a [CMS] pursuant to Rule 212 of the California Rules of Court within six months after the [D]epartment files its answer in the appeal," and provides that, if a timely CMS is not filed, the court must grant the Department's dismissal motion. (1428(b).) As York points out, California Rules of Court, rule 212 was repealed after 1428(b) was enacted.[1] The rules that replaced rule 212, as presently drafted, state a CMS need only be filed when courts set a case management conference (rule 3.725(a)) and allow courts to exempt cases from having to conduct case management conferences (rule 3.720(b)). Pursuant to the opt-out provision, the Los Angeles County Superior Court provided that conferences do not have to be set in limited civil cases (Super. Ct. L.A. County, Local Rules, rule 3.23). York maintains that, since the local rule does not require a case management conference be conducted, it did not have to file a CMS, and the court erred in dismissing its appeal. York is wrong.

The plain terms of 1428(b) show the reference to filing a CMS "pursuant to Rule 212 of the California Rules of Court" was meant only to define the contents and timing of a CMS. The repeal of rule 212 did not affect 1428(b)'s requirement that, "Notwithstanding any other provision of law, a licensee prosecuting a judicial appeal shall file and serve a [CMS]." When the Legislature in 2006 added to 1428(b) the requirement that an appealing facility file a CMS

---

[1]Unless otherwise specified, all further references to rules are to the California Rules of Court.

2

within six months of an answer or suffer dismissal, it did not intend to allow courts to exempt cases from the timely filing and dismissal provisions. Although the rules were changed in 2013 to provide local courts may opt out, the new rules could not lawfully override the statute and underlying legislative intent. We hold that, if a CMS is not filed within six months of the filing of the Department's answer, the court must grant the Department's motion to dismiss a facility's action appealing a citation, even if a superior court's local rule provides that a case management conference is optional.

## BACKGROUND

York was cited because in December 2014 its facility failed to properly address a resident's dehydration and severe constipation, and as a result of drugs it administered, the resident developed an infection and had to be rushed to the hospital for treatment. The Department investigated the incident and issued the $20,000 citation, and on July 12, 2016, York filed its action appealing the citation. On October 3, 2016, the Department filed its answer.

The filing of the answer triggered York's duty to file a CMS within six months, by April 3, 2017. However, York's CMS was filed on May 16, 2017, over a month late. The Department filed a motion to dismiss the case, maintaining the mandatory dismissal provision of 1428(b) was applicable, and York filed an opposition to the motion arguing it was not required to file a CMS and it only filed one "in an abundance of caution." The court granted the motion and entered judgment against York.

## DISCUSSION

Because the issues in the appeal involve the interpretation of statutes and rules and not any disputed facts, we exercise de novo review. (*Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1119.)

"Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain

3

meaning controls the court's interpretation unless its words are ambiguous." (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

A court "examine[s] the entire substance of the statute in order to determine the scope and purpose of the provision." (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1040.) If statutory language is "susceptible to more than one reasonable interpretation," the court looks to "'extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, . . . [and] the statutory scheme of which the statute is a part." [Citation.]' [Citations]." (*Coburn v. Sievert* (2005) 133 Cal.App.4th 1483, 1495-1496, fn. omitted.)

The Statutory Language

The text of 1428(b) provides, in relevant part, that "to perfect a judicial appeal of a contested [class 'A'] citation,[2] a licensee shall file a civil action in the superior court in the county in which the long-term health care facility is located. . . . Notwithstanding any other provision of law, a licensee prosecuting a judicial appeal shall file and serve a case management statement pursuant to Rule 212 of the California Rules of Court within six months after the [D]epartment files its answer in the appeal. . . . [T]he court shall dismiss the appeal upon motion of the [D]epartment if the case management statement is not filed by the licensee within the period specified. . . ."

York owned a long-term healthcare facility licensee that was given a class "A" citation, so 1428(b) governed the time limits applicable in its action appealing the citation. The statute clearly indicated York was required to file a CMS or risk having the case dismissed. The term "[n]otwithstanding any other provision of law" "declare[d] the legislative intent to override all contrary law. [Citation.]" (*Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 383, fn. 17.) Contrary to York's argument, the terms of the provision should not be

---

[2]"Class 'A' violations are violations which the state [D]epartment determines present either (1) imminent danger that death or serious harm to the patients or residents of the long-term health care facility would result therefrom, or (2) substantial probability that death or serious physical harm to patients or residents of the long-term health care facility would result therefrom." (Health & Saf. Code, § 1424, subd. (d).) "A class 'A' citation is subject to a civil penalty in an amount not less than two thousand dollars ($2,000) and not exceeding twenty thousand dollars ($20,000) for each and every citation." (Health & Saf. Code, § 1424.5, subd. (a)(2).)

4

interpreted as meaning rule 212 governs *who* is required to file the CMS. Rather, by stating "[n]otwithstanding any other provision of law, *a licensee prosecuting a judicial appeal* shall file and serve a [CMS] pursuant to Rule 212," the provision specified *the entity* which must file the CMS, and that specification is not affected by the reference to the rules discussing the contents of a CMS and the procedures for filing one.

York maintains the words of 1428(b) alone do not dictate its scope, because rule 212 was repealed by the Judicial Council effective January 1, 2007 and was replaced by rules allowing courts to opt out of requiring that CMS's be filed. "'"Where a *statute* is repealed and all, or some, of its provisions are at the same time reenacted, the reenactment neutralizes the repeal, and the provisions of the repealed act which are thus reenacted continue in force without interruption."' [Citation.]" (*Haines v. Department of Employment* (1954) 125 Cal.App.2d 304, 306, italics added.) Since a rule has the force of law so long as there is no legislative direction to the contrary (*Iverson v. Superior Court* (1985) 167 Cal.App.3d 544, 547-548), by analogy, when a *rule* is repealed and replaced by a different rule, the replacement continues in effect in lieu of the replaced rule. Yet this only means 1428(b) should be read to require that the content and procedures for filing a CMS should be governed "pursuant to [the rules that replaced rule 212]."

York points out the rules that replaced rule 212 (rule 3.720 et seq.), in their current form, state the six-month deadline in 1428(b) for filing a CMS may never be triggered when a court has opted to not require that a case management conference be conducted. Given that the terms of the law do not reference the rules in order to specify who should file a CMS, the rule changes were irrelevant to the requirement that a CMS be filed. To the extent there is any ambiguity concerning the issue, the legislative scheme and its history definitively indicate the Legislature did not intend to have the rules define who is required to file a CMS and allow courts to opt out of the CMS filing requirement.

The Legislative Scheme

1428(b) is part of the Long-Term Care, Health, Safety, and Security Act of 1973. The Act was enacted "to ensure that nursing home facilities in California provide safe and secure

5

environments for residents and their families and that they have the highest quality of care possible." (Stats. 1973, ch. 924, § 1(b)(1).) To further the goal of promoting healthy living conditions for residents of facilities, including skilled nursing homes like the one owned by York, the Legislature enacted a comprehensive set of regulations and provided citations should be issued in the event facilities failed to comply. (See Health & Saf. Code, § 1417 et seq.)

The Legislature expressed its concern that citations be speedily adjudicated, providing, "It is the intent of the Legislature in enacting this chapter to establish . . . a citation system for the imposition of prompt and effective civil sanctions against long-term health care facilities . . . ." (Health & Saf. Code, § 1417.1.) The interest in quickly resolving citations is reflected in portions of the appeal provisions that set tight time limits for filing and processing the action challenging the citation. (See, e.g., 1428(b) [a "licensee shall inform the director [of the Department] in writing, within 15 business days of the service of the citation of the licensee's intent to adjudicate the validity of the citation . . . [and] [t]he action shall be filed no later than 90 calendar days after a licensee notifies the director that he or she intends to contest the citation, and served not later than 90 days after filing"].) The statute requires a court expeditiously resolve an appeal, providing, "Actions brought under this chapter shall be set for trial *at the earliest possible date* and shall take precedence on the court calendar over all other cases except matters to which equal or superior precedence is specifically granted by law. Times for responsive pleading and for hearing the proceeding shall be set by the judge of the court with the object of securing a decision as to subject matters *at the earliest possible time*." (Health & Saf. Code, § 1428, subd. (i), italics added.)

Against this backdrop, it would be inimical to the Legislature's intent to adopt an interpretation of 1428(b) whereby the referenced rule dictates which entity should file a CMS, thereby allowing courts by local rule to eliminate the requirement to file a CMS. It is true that in Los Angeles the filing of a CMS is not used to set a trial date in limited civil cases. (See Los Angeles County Superior Court Second Amended General Order In re Civil Limited Jurisdiction Cases Calendared in Department 77 (Non-Collections Cases), effective as of March 7, 2016, p. 1.) But, York's assertion on appeal that the filing of a CMS "would serve no

6

purpose" is unfounded.  The CMS provides a court with valuable information to ensure the case is smoothly progressing towards trial, including informing the court of the parties' progress in conducting discovery and the motions parties expect to file.  (See Judicial Council Forms, form CM-110, required to be used as a CMS pursuant to rule 3.725(c).)  Even if a case management conference is not conducted, the filing of a CMS helps keep a case on the judge's radar, assisting in the "object of securing a decision . . . at the earliest possible time." (Health & Saf. Code, § 1428, subd. (i).)

1428(b)'s Legislative History

The predecessor statute to 1428(b) required an at-issue memorandum be filed within six months of an answer and provided an appeal case must be dismissed upon department motion if one was not timely filed.[3]  Senate Bill No. 73 in 1987 "'change[d] court procedures by which long-term care facilities can appeal . . . citations issued by the Department of Health Services . . . [by] revis[ing] the period for filing and serving of the intent to contest a citation, and requir[ing] the courts to dismiss a citation appeal upon motion of the Department of Health Services if [an at-]issue memorandum is not filed by the facility within the period specified . . . .' [Citation.]"  (*County of San Diego v. Department of Health Services* (1991) 1 Cal.App.4th 656, 662.)  As amended in 1987, 1428(b) (then designated 1428(c)) provided, in relevant part, "Notwithstanding any other provision of law, . . . a licensee prosecuting a judicial appeal shall file and serve an at-issue memorandum pursuant to *Rule 209* of the California Rules of Court . . . within six months after the state [D]epartment files its answer in the appeal . . . ."  (Stats. 1992, ch. 1163, § 6, italics added.)

As explained by a bill analysis of the legislation which enacted 1428(b) (Assem. Bill No. 1376 (AB 1376)), former rule 209 required an at-issue memorandum be filed in all civil cases.  (Sen. Com. on Health, Analysis of AB 1376 (2005-2006 Reg. Sess.), as introduced June 8, 2005 (Sen. Com. on Health Analysis), p. 2; see *New Cingular Wireless PCS, LLC v. Public Utilities Com.* (2016) 246 Cal.App.4th 784, 798 [it is appropriate to look to bill analyses

---

[3]Prior to 1428(b)'s enactment, an at-issue memorandum served the function of alerting a court that a case was ready to be set for trial.  (See *Maximum Tech. v. Superior Court* (1987) 188 Cal.App.3d 935, 937.)

in examining legislative intent].)  But in 1995, the Judicial Council repealed the at-issue memorandum for most cases, and added rule 212, specifying a CMS must be filed in civil cases, informing a court of the status of an action.  (*Id*. at p. 3.)

Effective January 1, 2006, by way of AB 1376, the Legislature amended 1428(b) to delete the reference to rule 209 and replace it with rule 212.  The analysis for the bill explained, "As originally conceived, the at-issue memorandum was designed by the Judicial Council to be a litigation management tool for all civil matters, which is now accomplished by the filing of Case Management Statements.  [¶]  However, as codified in Section 1428 of the Health and Safety Code, failure to file an at-issue memorandum is grounds for dismissal of a long-term care facility's case."  (Sen. Com. on Health Analysis, *supra*, at p. 2.)  The analysis found "filing at-issue memoranda in citation disputes has become a challenge because the court clerks are resistant to accept the documents for filing because the clerks generally understand that these memoranda are not required."  (Sen. Com. on Health Analysis, *supra*, at pp. 2-3; accord, Assem. Com. on Health, Analysis of AB 1376 (2005-2006 Reg. Sess.), as introduced June 8, 2005, p. 2.)  To ensure licensees continued to update courts with the status of cases, effective January 1, 2006, the Legislature substituted "a case management statement" for "an at-issue memorandum" and "rule 212" for "rule 209" in 1428(b).  (Stats. 2005, ch. 56, § 1.)

When AB 1376 was signed into law, rule 212 provided its provisions applied "[i]n every general case[4] except complex cases and cases exempted [under rules inapplicable to actions challenging healthcare facility citations]" (rule 212(a)), and "[i]n each case, the court must set an initial case management conference to review the case" (rule 212(b)).  The rule also set forth the subjects that were to be considered at the conference, and required that a CMS be filed "[n]o later than 15 calendar days before the date set for the case management conference."  (Rule 212(e), (g).)[5]

---

[4]A "general civil case" was defined to include both unlimited and limited jurisdiction cases. (See former rule 200.1(2).)

[5]The rule also provided, as rule 3.725(c) does, that parties must use form CM-110 when filing a CMS.  (See rule 212(g)(2).)

8

Critically, at the time AB 1376 enacted 1428(b), *rule 212 did not allow courts to opt out of its provisions*. The fact that, under the rule referenced by the statute, courts lacked power to opt out signaled an unmistakable intent by the Legislature when it enacted 1428(b) that the CMS filing requirement and dismissal provisions apply regardless of any contrary trial court practices.

Judicial Council and Local Court Actions

The Judicial Council, effective January 1, 2007, repealed rule 212 as part of a wide-ranging revision of court rules. The revisions were based on a concern that the rules were "not well organized and are difficult to use," and were "not intended to make substantive changes to the rules and standards . . . ." (Jud. Council of Cal., Admin. Off. of Cts., Rep. on Reorganization of the California Rules of Court (June 15, 2006) (AOC Report), pp. 6-7.) The report recommended adding rules 3.720 through 3.730, explaining "[t]hese rules are based directly on current rule 212, which has become very lengthy." (*Id.* at pp. 19-20.)

Rule 3.720 et seq., as adopted effective 2007, largely mirrored rule 212, including stating that "[i]n each case, the court must set an initial case management conference to review the case" (rule 3.722(a)); specifying the topics to be discussed at the conference (rule 3.727); and providing a CMS must be filed "[n]o later than 15 calendar days before the date set for the case management conference" (rule 3.725(a)). The version of the rules effective in 2007 did not contain, as they did following a 2013 amendment and as they presently do, a provision stating, "In any case in which a court sets an initial case management conference, the rules in this chapter apply." (Rule 3.720(c).) The 2007 rules also did not include parts added in 2013 that currently state, "A court by local rule may exempt specified types or categories of general civil cases filed before January 1, 2020, from the case management rules in this chapter, provided that the court has in place alternative procedures for case processing and trial setting for such actions . . . ." (Rule 3.720(b).)

Los Angeles County Superior Court adopted a rule effective May 17, 2013 pertaining to CMS's in limited civil cases.[6]  Superior Court of Los Angeles County, Local Rules, rule 3.23 provides, in relevant part, "Pursuant to California Rules of Court, rule 3.720(b), all limited civil cases . . . are exempted from the case management rules of [rules 3.720 et seq.]."

Effectuating the Legislature's Intent

The Legislature did not amend 1428(b) after rule 212 was repealed in 2007.  But, given that the rules that replaced rule 212 were initially consistent with the repealed rule and were not changed to allow courts to opt out of the CMS filing requirement until 2013, it would be unwarranted to infer the Legislature acquiesced in the changes by failing to act.  (See *Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1117 ["[a]s a principle of statutory construction, legislative inaction is a 'slim reed upon which to lean'"].)

The statute, when it became effective in 2006, as now, provided, "Notwithstanding any other provision of law, a licensee prosecuting a judicial appeal shall file and serve a [CMS] within six months after the [D]epartment files its answer in the appeal" and, further, that "the court shall dismiss the appeal upon motion of the [D]epartment if the case management statement is not filed by the licensee within the period specified."  (1428(b).)  The words used by the Legislature, the surrounding statutory scheme, and the provision's legislative history all demonstrate the continuing intent that a CMS must be filed and that, if it is not, a case is required to be dismissed upon the Department's motion.

The fact that 1428(b) provides a CMS "pursuant to *Rule 212* of the California Rules of Court" has to be filed, and that the referenced rule no longer exists, is inconsequential.  The reference to the rule was not intended to specify who must file a CMS, and even if it did, there is no indication that the Legislature intended to allow courts to opt out of the CMS filing requirement.

The replacement of rule 212 with rules 3.720 through 3.730 by the Judicial Council in 2007 was "not intended to make substantive changes" (AOC Report, *supra*, at pp. 6-7), and

---

[6]Limited civil cases involve an amount in controversy of $25,000 or less.  (Code Civ. Proc., § 85, subd. (a).)  Actions brought to appeal long-term healthcare facility citations are limited civil cases when the citation does not exceed $25,000.  (Code Civ. Proc., § 86.1.)

instead was guided by the assessment that rule 212 had "become very lengthy" (*id.* at p. 20). As mentioned above, following 2013 amendments, rule 3.720 et seq. diverged from rule 212 in substantive ways, specifying, for example, that a CMS need only be filed when a court sets a case management conference and that local court rules may exempt cases from case management rules. (See rule 3.720(b), (c).) Also, a local court rule in Los Angeles was added, providing limited civil cases were exempt from case management rules. (Super. Ct. L.A. County, Local Rules, rule 3.23.)

It does not appear the Judicial Council made changes to the rules intending to impact 1428(b), and the same is true for the local court rule. But, dispositively, even if it wanted to, the Judicial Council did not have the power to give courts the option to ignore the timely filing requirement and duty to dismiss by repealing and replacing rule 212. (See Cal. Const., art. VI, § 6, subd. (d) ["The rules adopted shall not be inconsistent with statute"].) Likewise, local courts lack the authority to alter requirements in statutes. (Gov. Code, § 68070, subd. (a).)

In enacting 1428(b), the Legislature expected litigants to file a CMS consistent with rule 212, which applied "[i]n every general case" challenging a citation. The Judicial Council could not detract from the clear intent in 1428(b), that CMS's be timely filed in all cases and that appeals would be dismissed if they were not, by allowing courts to exempt themselves from the requirement to conduct a case management conference. (See *In re Abbigail A.* (2016) 1 Cal.5th 83, 92 ["'a rule is inconsistent with a statute if it conflicts with either the statute's express language or its underlying legislative intent'"].)

Penalties on some violations by long-term health care providers can be as high as $100,000 per occurrence (for class "AA" violations involving skilled nursing facilities or intermediate care facilities where death results in the offense), and generally otherwise range from $1,000 to $25,000 per violation. (See Health & Saf. Code, §§ 1424, 1424.5.) There is no indication the Legislature intended the CMS filing requirement to depend on the amount of a fine imposed, as would be the case in courts like those in Los Angeles that created an exemption for limited civil cases. There is also no indication of an intent to allow the CMS filing requirement to vary from jurisdiction to jurisdiction based on a local court's decision to

11

opt out.  It is a bedrock principle that "[t]he literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers.  [Citations.]"  (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245.)  Interpreting 1428(b) to condition the CMS filing requirement based on the approval of the superior court would be counterintuitive to the Legislature's stated objective of efficiently and expeditiously resolving citation appeals.

We construe 1428(b)'s requirement that a CMS be filed "pursuant to Rule 212 of the California Rules of Court within six months after the department files its answer in the appeal" to refer solely to the timely filing of a CMS using form CM-110 updating a bench officer of the status of the case.  The requirement to use this form was listed in rule 212(b)(5), and in rule 3.725(c) when it was first added.  The requirement also continues to be listed in the current version of rule 3.725(c).  We presume courts will consider the CMS's in striving to resolve facility appeals accurately and promptly in keeping with the goals of the statute, but note that nothing in this opinion requires case management conferences must be conducted as part of that process.

DISPOSITION

The judgment is affirmed.  The Department is to recover costs on appeal.

_____
Ricciardulli, J.

We concur:


_____          _____
P. McKay, P. J.                                    Kumar, J.

12