Filed 12/30/24

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ARMANDO MENDOZA, | ) | No. 24APLC00050 |
| Plaintiff and Respondent, | ) | Spring Street Trial Court |
| v. | ) | No. 23STLC02807 |
| CITY OF DUARTE, | ) | |
| Defendant and Appellant. | ) | **OPINION** |

APPEAL from an order of the Superior Court of Los Angeles County, Latrice A.G. Byrdsong, Commissioner. Affirmed.

Valerie D. Escalante Troesh and Matthew G. Trujillo, Civica Law Group, for Defendant and Appellant.

Julie N. Nong for Plaintiff and Respondent.

\* \* \*

Armando Mendoza was cited by the City of Duarte (the City) based on municipal code violations for keeping noisy animals and exceeding the permissible number of animals which could be kept on his property.  After the citation was upheld in an administrative hearing, Mendoza sought de novo review in the superior court (Gov. Code, § 53069.4, subd. (b)) and following the court upholding the citations in a "Notice of Decision" mailed to the parties, the City filed a motion for an award of attorney fees and costs.  The court denied the motion on the basis it was not timely filed, and the City appeals the order.

As discussed below, we affirm.  Because the decision of the court upholding the citation constituted a judgment in a limited civil jurisdiction matter which finally disposed of Mendoza's appeal of the citation, with no further order or judicial directive forthcoming, the City was required to file its motion within 30 days from when the clerk served the parties with the decision.  (Cal. Rules of Court, rules 3.1702(b)(1) & 8.822(a)(1)(A).)  Since the motion was filed 66 days after the decision was served, the court correctly denied it as untimely.

BACKGROUND

On October 13, 2023,[1] the court conducted its de novo review concerning a February 22 administrative citation.  Following the hearing, the court affirmed the citation the same date.

Using a Los Angeles County Superior Court form order titled, "Notice of Decision – Administrative Appeal" (some capitalization omitted), the court issued its decision on October 13.  Mendoza was listed as the "contestant" and the City as the "Processing Agency," and a box was checked indicating "Appeal of Processing Agency's Final Decision (Gov. Code, § 53069.4)" as to the "Type of Appeal" involved.  The form stated, "The above-entitled matter having been heard de novo, IT IS ORDERED, ADJUDGED, AND DECREED by the Court that the final administrative decision in the case, rendered on 10/13/2023 is"—and a box was checked next to—"AFFIRMED, contestant to recover nothing."  The seal of the court was affixed beside the signature of the presiding bench officer, and a "10/13/2023" file stamp was added at the top of the document.  A certificate of service executed by the clerk stated, at the

_____

[1]All undesignated date references are to the year 2023.

bottom of the form, that on October 13, the clerk "served the Notice of Decision – Administrative Appeal upon each party or counsel named below," with Mendoza and the City, as well as their addresses, listed.

The City filed its motion for an award of attorney fees and costs on December 18, requesting $45,078.93 pursuant to Duarte Municipal Code sections 1.08.130(a) and 1.08.140. Prior to the January 16, 2024 hearing on the motion, the court provided the parties with a tentative ruling denying the motion as untimely, indicating California Rules of Court, rule 3.1702(b)(1), required a motion for attorney fees to be filed within the time period for filing a notice of appeal in a limited civil case, and under California Rules of Court, rule 8.822(a)(1)(A), the time to file an appeal was 30 days from when the clerk served the parties with its notice of decision.

At the hearing, counsel for the City argued the motion was timely, because the 30-day limit in California Rules of Court, rule 8.822(a)(1)(A), applies when a party is served with a judgment, and only a notice of decision was served. Counsel maintained the October 13 decision did not constitute a judgment, and following the decision having been filed, the City was expecting a judgment to be issued. Counsel claimed a 90-day limit applied (Cal. Rules of Court, rule 8.822(a)(1)(C)), and thus the motion was timely filed. Additionally, counsel asked the court to provide it with "leniency" exercising its "equitable powers," and consider the motion on its merits.

The court explained, "there is no judgment in administrative appeals, there is a decision[,]" and noted, "There's no subsequent judgment that comes." The court stated, "Is your position that there would be no decision or judgment by the court that's enforceable until what? The court needs to issue something else that says judgment? Because that's not supported."

In a January 23, 2024, minute order, the court concluded the motion for attorney fees and costs was untimely filed. The court determined, "For administrative appeals, the operative event is the court's issuance of the Notice of Decision. As such, the City's argument at the hearing that the 90-day period under CRC rule 8.822(a)(1)(C) should apply because the Court

3

issued a Notice of Decision rather than a '""Notice of Entry" of judgment' is misplaced." In denying the motion, the court stated, "[N]otice of the Court's decision was given on October 13, . . . which decision was a final decision on the matter. The City did not file its motion for attorney's fees until December 18, . . . well over the 30-day deadline to file such motion. . . . [A] motion for attorney's fees must be filed within 30-days from the date notice of the court's decision was given."[2]

## DISCUSSION

Appealability and Standard of Review

A trial court's decision in a de novo hearing reviewing an administrative fine is an appealable judgment or order under Code of Civil Procedure section 904.2, subdivision (a). (See *Dedication & Everlasting Love to Animals, Inc. v. City of El Monte* (2022) 85 Cal.App.5th 113, 119-122 (*Dedication*) [decision in a de novo hearing reviewing an administrative fine in a limited civil jurisdiction case is appealable to the appellate division of the superior court]; see also *County of Humboldt v. Appellate Division of Superior Court* (2020) 46 Cal.App.5th 298, 303-304 (*Humboldt*) ["a final judgment or order from a de novo appeal to the superior court under [Government Code] section 53069.4 is itself reviewable on appeal to an intermediate appellate court"].) It follows that an order on a post-decision attorney's fees motion is also appealable, as an order made after an appealable judgment or order under Code of Civil Procedure section 904.2, subdivision (b).

The issues involved in the appeal are ones of law regarding interpretation of the applicable statutes and the California Rules of Court, with no facts in dispute. We therefore exercise de novo review. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 800; *York Healthcare & Wellness Centre LP v. State Dept. of Public Health* (2019) 33 Cal.App.5th Supp. 20, 26.)

---

[2]The court found the City's request for costs other than attorney fees to be untimely under California Rules of Court, rule 3.1700(a)(1), a rule that states a party's costs memorandum must be served within 15 days after the earliest of service of notice of entry of judgment or 180 days after entry of judgment. Because the parties on appeal do not address California Rules of Court, rule 3.1700(a)(1), and focus on the timeliness of the attorney fees portion of the motion under California Rules of Court, rule 3.1702(b)(1), we only discuss the timeliness of the attorney fees request in our opinion.

4

An interpretation of statutes and court rules both begin with an examination of the plain language used.  (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 ["In construing a statute, a court's objective is to ascertain and effectuate legislative intent. . . . To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent"]; *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902 ["The ordinary principles of statutory construction govern our interpretation of the California Rules of Court"].)  We proceed to apply the unambiguous terms in the statutes and rules in resolving the appeal.  (*Tilkey v. Allstate Ins. Co.* (2020) 56 Cal.App.5th 521, 534 ["'"The plain meaning [of a statute] controls if there is no ambiguity in the statutory language"'"].)

Statutes and California Rules of Court

Government Code section 53069.4 authorizes local governments to enact an administrative process to enforce violations of ordinances through the imposition and collection of administrative fines or penalties; Government Code section 53069.4, subdivision (b)(1), provides a party dissatisfied with an administrative order or decision of a local agency may file an appeal wherein the superior court shall conduct a de novo hearing; and this provision specifies, "[a] proceeding under this subdivision is a limited civil case."  (Accord, *Dedication*, *supra*, 85 Cal.App.5th at pp. 118-121; see also Code Civ. Proc., § 85, subd. (c)(14) [an action under Government Code section 53069.4 constitutes a limited jurisdiction civil case].)

Once a court issues a decision following its de novo review in a limited civil appeal (in a case where, as here, pursuant to Code of Civil Procedure section 86, subdivision (a)(1), the amount provided in the citation is $35,000 or under), a party may file an appeal with the appellate division of the superior court.  (*Dedication*, *supra*, 85 Cal.App.5th at pp. 121-122.)  California Rules of Court, rule 3.1702(b)(1), indicates that, to determine the deadline for the filing of a post-decision motion for attorney' fees, a court must look to the time limit for filing an appeal from a decision following de novo review.  The rule provides, in relevant part, "A notice of motion to claim attorney's fees for services up to and including the rendition of

5

judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under . . . rules 8.822 and 8.823 in a limited civil case."

California Rules of Court, rule 8.822(a)(1), states as follows:

"Unless a statute or rule 8.823 provides otherwise, a notice of appeal must be filed on or before the earliest of:

"(A) 30 days after the trial court clerk serves the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date it was served;

"(B) 30 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or

"(C) 90 days after the entry of judgment."[3]

Application to Present Appeal

The dispositive issue before us is whether the October 13 decision, issued following the de novo review by the court, amounted to a "filed-endorsed copy of the judgment" under California Rules of Court, rule 8.822(a)(1)(A). We conclude it did.[4]

As noted above, *Humboldt*, *supra*, 46 Cal.App.5th at pp. 303-304, held a decision by a trial court following de novo review of an administrative citation constitutes an appealable judgment. In the case, the amount of the administrative fine exceeded the cap for limited civil actions. (*Id.* at p. 312.) Thus, the question for the appellate court was whether an appeal was allowed to the Court of Appeal under Code of Civil Procedure section 904.1, subdivision (a)(1),

---

[3]California Rules of Court, rule 8.823, can extend the time to file a notice of appeal under circumstances inapplicable here, which include the filing of motions for a new trial and to vacate a judgment. For purposes of the rules in limited civil appeals, California Rules of Court, rule 8.803(22), provides, "'Judgment' includes a judgment or order that may be appealed."

[4]The trial court appeared to have concluded the attorney fees motion to be untimely based on the parties having been served with a "notice of the court's decision" on October 13 under California Rules of Court, rule 8.822(a)(1), as opposed to the parties having been served with a copy of the judgment under the rule. But, we review the court's dismissal order, not its rationale (see *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956), and because we determine the October 13 decision constituted a judgment and the parties were served with a copy of the judgment, we do not analyze whether the parties were served with a document titled "Notice of Entry" of judgment (Cal. Rules of Court, rule 8.822(a)(1)(A)).

which provides, with some exceptions, an appeal may be taken, "[f]rom a judgment, . . ." (*Id.* at p. 310.) *Humboldt* explained, ""'A judgment is the final determination of the rights of the parties in an action or proceeding . . ." [citation] . . . [and] "is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.'"" [Citation] ""It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.'"" [Citation.]" (*Ibid.*, italics omitted.)

The Court of Appeal stated, "With these principles in mind, we conclude that a superior court order that conclusively resolves the merits of a de novo appeal under [Government Code] section 53069.4 in an unlimited civil matter is a final judgment, appealable to an intermediate appellate court under Code of Civil Procedure section 904.1, subdivision (a)(1)." (*Humboldt*, *supra*, 46 Cal.App.5th at p. 311.) The Court of Appeal noted the trial court's decision in its case "'determined all of the parties' rights and liabilities at issue in the proceedings'" (quoting *City of Santa Cruz v. Patel* (2007) 155 Cal.App.4th 234, 243), and left "nothing to the party against whom judgment is rendered except to comply" (quoting *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 11). (*Humboldt*, *supra*, at p. 311.) The appellate court thus concluded, "the superior court order below was an appealable final judgment." (*Ibid.*)

The appeal here involves a limited civil matter. But, the statute providing for an appeal from the trial court's decision is substantially the same as the one at issue in *Humboldt*, providing in a limited civil case, an appeal may be taken, with exceptions inapplicable here, "[f]rom a judgment, . . ." (Code Civ. Proc., § 904.2, subd. (a)(1).)

Akin to the decision in an unlimited civil matter in *Humboldt*, the "Notice of Decision" served on the parties on October 13, even though it was not labeled "judgment," was the final

7

determination of the rights and liabilities of Mendoza and the City following the de novo hearing, and there was nothing following the decision for Mendoza to do but to comply with the citation. The decision was signed by the court and file-stamped with the date it was entered, and thus constituted "a filed-endorsed copy of the judgment, showing the date it was served[,]" within the meaning of California Rules of Court, rule 8.822(a)(1)(A).

California Supreme Court Opinion on Appeals in Administrative Mandate Writs

The City on appeal relies on *Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643 (*Meinhardt*). Although the opinion was issued after the trial court rendered its ruling, because we review the issue of the timeliness of the City's motion de novo, we consider the opinion. We conclude *Meinhardt* is distinguishable and not controlling in the context before us. (See *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1029 [an opinion is not authority for matters unaddressed therein].)

In *Meinhardt*, the California Supreme Court held that, for purposes of the time limit to appeal to the Court of Appeal a trial court's ruling in a writ of administrative mandate (Code Civ. Proc., § 1094.5), the triggering event is the court's filing of a judgment, as opposed to the filing of a previously issued order granting or denying the writ. (*Meinhardt*, *supra*, 29 Cal.4th at p. 650.) In the case, the City of Sunnyvale Department of Public Safety suspended one of its police officers, the suspension was upheld by the personnel board, and the officer challenged the suspension by filing a petition for writ of administrative mandate in the superior court. (*Ibid.*) Following a hearing, the court clerk served the parties with a "'Notice of Entry of Judgment or Order,'" along with a file-stamped copy of a document titled "'ORDER,'" which contained the court's factual findings and legal rulings and concluded, "'the Petition for Writ of Administrative Mandamus is DENIED.'" (*Ibid.*) Two and a half weeks later, the court issued a document titled "'JUDGMENT'" that stated the court had previously issued an order denying the officer's petition, and "'For the reasons set forth in the Order, the Court hereby enters Judgment for Respondents City of Sunnyvale, et al., and against [the officer], who shall take nothing by this action. [¶] IT IS SO ORDERED, ADJUDGED AND DECREED.'" (*Ibid.*)

8

The California Supreme Court noted that, in resolving an administrative mandate writ, entry of a "judgment," not simply entry of an "order" is required by the applicable statutes. (*Meinhardt*, *supra*, 16 Cal.5th at pp. 650-653 [observing Code of Civil Procedure section 1094.5, subdivision (f), states the "'court shall enter judgment'" and Code of Civil Procedure section 1094.5, subdivision (h)(1), setting forth rules on stays, contemplates the notice of appeal will be "'from the judgment'"].) The Supreme Court indicated, consistent with the statutory scheme, "courts have contemplated that there will be entry of a formal judgment following an order granting or denying a petition for writ of administrative mandate." (*Meinhardt*, *supra*, at p. 654 [citing Supreme Court and Court of Appeal opinions as examples].) *Meinhardt* found it is the service of notice of entry of judgment or service of a copy of the judgment in an administrative mandate proceeding that is the triggering event for the time limit to file a notice of appeal, not notice of entry of the order granting or denying the writ or the service of a copy of the order. (*Meinhardt*, *supra*, 16 Cal.5th at pp. 650, 657-658, 662.)

The statutory scheme at issue in *Meinhardt* is different from the one in the case *sub judice*, in that, the issuance of no judgment or order is contemplated after a court in a de novo review of an administrative hearing provides its final decision in the matter. Unlike with administrative mandate writs, where a court will enter an order denying or granting a writ and subsequently enter formal judgment on the order, the court's decision following de novo review fully resolves the matter. Government Code section 53069.4 does not state, as with the statutes at issue in *Meinhardt*, the "court shall enter judgment" in order to end the matter. The only reference to "judgment" in the statute pertains to when a party requesting de novo review prevails, and "[a]ny deposit of the fine or penalty shall be refunded by the local agency in accordance with the judgment of the court." (Gov. Code, § 53069.4, subd. (b)(2).) Given the finality of the decision resolving the issue when a decision is rendered, the lone use of the word "judgment," when characterizing the court's determination for purposes of disposition of a deposit, could not have been intended as requiring the issuance of a second document following the court's written decision. (See *Amador Valley Joint Union High School Dist. v. State Bd. of*

*Equalization* (1978) 22 Cal.3d 208, 245 ["The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers"].)

In addition, *Meinhardt* noted appellate opinions "contemplated that there will be entry of a formal judgment following an order granting or denying a petition for writ of administrative mandate." (*Meinhardt*, *supra*, 16 Cal.5th at p. 654.) Unlike in *Meinhardt*, no published appellate opinion has held a document titled "judgment" must follow a court's decision, and as discussed above, it has been held the decision of a court following a de novo review of an administrative citation under Government Code section 53069.4 "is a final judgment." (*Humboldt*, *supra*, 46 Cal.App.5th at p. 311.)[5]

Similar to the judgment which *Meinhardt* held was the trigger for starting the period for filing a notice of appeal, the trial court's October 13 decision stated, "IT IS ORDERED, ADJUDGED, AND DECREED" a determination had been made. The decision plainly stated the court issued a "final administrative decision in the case," and its decision was hence as final a judgment as the one *Meinhardt* noted started the clock for purposes of filing a notice of appeal.

<u>Remaining Arguments</u>

Pointing to California Rules of Court, rule 3.1702(d), the City argues this court should, "extend the [City's] deadline to file its [f]ee [m]otion such that the December filing is deemed timely . . . ." We reject the argument.

The rule provides, "For good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation or for a longer period than allowed by stipulation." (Cal. Rules of Court, rule 3.1702(d).) The rule, by its own terms, does not apply to an appellate court, and the City does not appear to argue the trial court should have relied on

---

[5]We also note that, consistent with our determination, the Court of Appeal in *Dedication*, without analyzing the issue, appeared to recognize service of a court's decision following a de novo hearing triggers the 30-day period for filing a notice of appeal in California Rules of Court, rule 8.822(a)(1), indicating, "The superior court's notice of decision was issued on September 24, 2021, and served the same day[,]" and "DELTA attempted to file a notice of appeal to the appellate division of the superior court on October 22, 2021, before the 30-day deadline." (*Dedication*, *supra*, 85 Cal.App.5th at p. 121.)

the rule and granted an extension when the City, at the hearing on its motion, asked the court to demonstrate "leniency" and exercise its "equitable powers" in considering the attorney fees motion on its merits.

The City also argues this court "should use its discretion and authority under equity to allow [the City's] [f]ee [m]otion to move forward on the merits given the clear law above and public policy behind the recovery laws in the first place." Given the argument is undeveloped and is made without citation to relevant authority, we do not further address it. (See Cal. Rules of Court, rule 8.883(a)(1)(A); *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647 [when a point is asserted without argument and authority for the proposition, "it is deemed to be without foundation and requires no discussion by the reviewing court"].)

## DISPOSITION

The trial court's order denying the City's attorney fees motion is affirmed. Mendoza, as the respondent, is to recover costs on appeal.


_____

Ricciardulli, J.


We concur:


_____          _____

Kumar, Acting P. J.                              Guillemet, J.