Filed 4/8/25  P. v. Vu CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HUNG VIET VU,<br><br>    Defendant and Appellant. | C100818<br><br>(Super. Ct. No. 01F04848) |

Following a jury trial in 2004, defendant Hung Viet Vu was convicted of first degree murder with special circumstances and was sentenced to life in prison without the possibility of parole.  In 2023, the trial court summarily denied Vu's motion for a postjudgment evidence preservation proceeding under Penal Code section 1203.01,[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and *In re Cook* (2019) 7 Cal.5th 439

---

[1]    Undesignated statutory references are to the Penal Code.

(*Cook*) (*Franklin/Cook* proceeding). Vu now challenges the denial of that motion, arguing he was denied due process by the summary denial of his motion after it was set for a hearing. We agree the trial court erred when it relied upon the California Supreme Court's decision in *People v. Hardin* (2022) 84 Cal.App.5th 273, revd. (2024) 15 Cal.5th 834 (*Hardin I*), to find it had "no authority" to conduct such a hearing. Accordingly, we shall reverse the order denying the motion for a postjudgment evidence preservation proceeding and remand the matter for a new hearing on Vu's eligibility for a *Franklin/Cook* proceeding and/or the ability to file a postjudgment sentencing statement pursuant to section 1203.01.

## FACTUAL AND LEGAL BACKGROUND

Given the nature of the issue on appeal, we need not set forth the facts of the underlying offenses; they are fully recounted in our prior opinion affirming Vu's convictions. (See *People v. Vu* (Dec. 13, 2005, C046707 [nonpub. opn.].) It is sufficient to say that Vu was convicted of several offenses for his involvement in the 2001 fatal shooting of Hoa Thanh Nguyen. In particular, the jury found Vu guilty of the first degree murder of Hoa Thanh Nguyen (§ 187, subd. (a)) and found true allegations of a gang enhancement under section 186.22, subdivision (b)(1), a personal use of a firearm enhancement under section 12022.53, and as a special circumstance under section 190.2, subdivision (a)(21) that the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle. The jury also found Vu guilty of assault on Ha Van Nguyen with a firearm (§ 245, subd. (a)(2)) and found true allegations of a gang enhancement (§ 186.22, subd. (b)(1)) and that he personally used a firearm (§ 12022.5).

The court sentenced Vu to life without the possibility of parole (LWOP) for his murder conviction and to a consecutive 25-year-to-life sentence for the section 12022.53 personal use of a firearm enhancement. As to his assault conviction, Vu was sentenced to a total determinate sentence of 17 years, consisting of three years for the assault

2

conviction, four years for the section 12022.5 use of a firearm enhancement, and 10 years for the gang enhancement.  (*People v. Vu*, *supra*, C046707.)

In 2023, Vu filed a petition for resentencing pursuant to section 1172.6.  In 2024, after a prima facie hearing, the trial court denied the petition, finding "that the jury instructions, charging document, and verdict forms are conclusive—petitioner is ineligible for relief because he was the actual killer."  This ruling is not challenged in the instant appeal.

On the same day he filed his petition under section 1172.6, Vu also filed a "Motion to Conduct *Franklin* hearing (Pen. Code § 1203.01; *In re Cook*)."  In the motion, Vu requested the "court to conduct a post-judgment hearing under Penal Code sections 1203.01, 3051 and 4801 which allow the defendant 'to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense . . . .' (*People v. Franklin* (2016) 63 Ca1.4th 261, 284 see *In re Cook* (2019) 7 Cal.5th 439.)"  He further stated that he was younger than 26 years old when he committed the murder and, thus, he was eligible for a *Franklin/Cook* proceeding pursuant to section 3051, subdivision (b)(2) and section 4081, subdivision (c).

The matter was initially assigned to the presiding judge, who appointed counsel for Vu and scheduled a status hearing on the section 1203.01 motion.  The order of assignment noted that the "record of conviction confirms defendant was under 25 years of age at the time of the controlling offense and that he has not previously had an opportunity to make a record of his youthful characteristics at the time of the offense." Thereafter, the matter was reassigned to a different judge, and a settlement conference scheduled for August 23, 2024.

Subsequently, the California Supreme Court issued its decision in *People v. Hardin* (2024)15 Cal.5th 834 (*Hardin II*) in which the court determined that section 3051's exclusion of youthful offenders sentenced to LWOP from early parole consideration did not violate equal protection guarantees.  On March 13, 2024, the judge

issued a written order vacating the order granting the *Franklin* hearing, citing *Hardin II*, and denying the motion. The order stated, "The Court previously allowed the defendant to proceed to a hearing under Penal Code section 1203.01 (*Franklin* hearing). This decision was based upon the ruling in *People v. Hardin* (2022) 84 Cal.App.5th 273 (*Hardin*), which allowed youthful offenders sentenced to life without the possibility of parole (LWOP) to preserve evidence for later use in youthful offender parole hearings." The court continued, "[f]ollowing the ruling in [the Supreme Court's decision in] *Hardin*, this Court no longer has the authority to hold a *Franklin* hearing for a youthful offender sentenced to LWOP. [¶] The previous order granting a *Franklin* hearing is VACATED. The request for a hearing is HEREBY DENIED. Any future court dates set are VACATED."

## DISCUSSION

On appeal, Vu contends that his right to procedural due process was violated because his request for a *Franklin*-like evidentiary preservation proceeding pursuant to section 1203.01 was denied without a hearing or an opportunity to address *Hardin II*, *supra*, 15 Cal.5th 834. Alternatively, he contends that the trial court erred by "summarily denying" his request for such a hearing, erroneously concluding it had no authority to hold such a proceeding. Vu contends this case should be remanded to the trial court for "the opportunity to establish . . . that he is *eligible* for a section 1203.01 proceeding post-*Hardin*."

I

Legal Framework

After Vu was sentenced to LWOP, the Legislature added sections 3051 and 4801. Under section 3051, juvenile offenders and most youthful offenders are entitled to a youthful offender parole hearing; however, youthful offenders sentenced to LWOP are not. (*Hardin II*, *supra*, 15 Cal.5th at pp. 845-846; see also § 3051, subd. (h).) Pursuant to section 4801, during such a youth offender parole hearing, the board "shall give great

4

weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

After the enactment of sections 3051 and 4801, the California Supreme Court decided *Franklin*, which created a process for offenders who qualified for a youth offender parole hearing under section 3051 but who did not have an adequate opportunity to present such evidence at sentencing to preserve youth-related mitigation evidence for later consideration by the board. (*Franklin*, *supra*, 63 Cal.4th at pp. 283-284.) A *Franklin* proceeding gives " 'an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to "give great weight to" youth-related factors (§ 4801, subd. (c)) in determining whether the offender is "fit to rejoin society' " " despite having committed a serious crime while he or she was a child in the eyes of the law. (*Cook*, *supra*, 7 Cal.5th at p. 449.)

*Franklin* involved a defendant who sought to challenge his life sentence on direct appeal. (*Franklin*, *supra*, 63 Cal.4th at p. 268.) *Cook*, *supra*, 7 Cal.5th 439 extended the availability of a *Franklin* proceeding to a youthful offender who qualified for early parole consideration under section 3051 but whose conviction and sentence were final when sections 3051 and 4801 were enacted. Specifically, it held that "an offender entitled to a [youth offender parole] hearing . . . may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." (*Cook*, at p. 451.)

In doing so, the court acknowledged an obstacle: " ' "In most cases, after the judgment has become final, there is nothing pending to which a motion may attach." ' " (*Cook*, *supra*, 7 Cal.5th at p. 451.) It found the necessary statutory authority in section 1203.01, subdivision (a). (*Cook*, at pp. 452-453.) The court reasoned that the "purpose of section 1203.01 parallels that of a *Franklin* proceeding" because while a *Franklin* proceeding assists in gathering information to be considered during a youthful offender

5

parole hearing, section 1203.01, subdivision (a) also allows the prosecutor, defense counsel, and the trial judge to file statements of their views regarding the defendant and the crime and the clerk must mail the statements to prison officials. (*Cook*, at p. 453, citing § 1203.01, subd. (a).) Thus, the procedures under section 1203.01 and *Franklin* both allow the court to gather evidence that may be relevant to effectuate sections 3051 and 4801. (*Cook*, at p. 453.) Transmission of that record to the Department of Corrections and Rehabilitation (CDCR), in turn, permits CDCR to discharge its duty to later determine, using the youth-related factors under section 4801, subdivision (c), whether the offender is " ' "fit to rejoin society" ' " as outlined in *Franklin*. (*Cook*, at p. 455.)

The *Cook* court additionally relied on Code of Civil Procedure section 187 (*Cook*, *supra*, 7 Cal.5th at pp. 454-455), which provides, "When jurisdiction is . . . conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." The court concluded, "Penal Code section 1203.01, augmented by the court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187, authorizes it to preserve evidence as promptly as possible for future use by the Board," "consistent with *Franklin*." (*Cook*, at pp. 455, 458.)

Defendants who were statutorily excluded from youth offender parole hearings began challenging the constitutionality of section 3051. At the time Vu filed his petition for a *Franklin/Cook* proceeding, the appellate courts were split as to whether section 3051's exclusion of LWOP youthful offenders from early parole consideration violated equal protection. (Compare *In re Williams* (2020) 57 Cal.App.5th 427, 436 [rejecting argument that the exclusion of young adults sentenced to LWOP violated equal protection]; *People v. Sands* (2021) 70 Cal.App.5th 193, 204-205 [same]; *People v.*

*Morales* (2021) 67 Cal.App.5th 326, 347 [same]; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197 [same]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779 [same] with *Hardin I*, *supra*, 84 Cal.App.5th at pp. 288-289 [finding the exclusion of youthful offenders sentenced to LWOP violates equal protection], revd. *Hardin II*, *supra*, 15 Cal.5th at p. 839.)

But in *Hardin II*, the California Supreme Court held that section 3051, subdivision (h), which excludes youthful offenders sentenced to LWOP, does not violate equal protection guarantees. (*Hardin II*, *supra*, 15 Cal.5th at p. 866.) Recognizing that rational basis review is deferential, the court held that a rational basis exists for excluding Hardin, a young adult offender sentenced to LWOP based on special circumstance murder, from youth offender parole consideration. (*Id*. at p. 839.) The court stated: "Without foreclosing the possibility of other as-applied challenges to the statute, we conclude that Hardin has not demonstrated that Penal Code section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied to Hardin and other individuals who are serving life without parole sentences for special circumstance murder. Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole. When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. Hardin has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Ibid*.)

7

*Analysis*

*Cook* confirmed that the manner and extent of a *Franklin/Cook* proceeding is left to the discretion of the trial court. (*Cook*, *supra*, 7 Cal.5th at p. 459.) In deciding whether the trial court has abused its discretion, "we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion." (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.)

Here, Vu was sentenced to LWOP for a crime that he committed when he was over 18 but under 26 years of age. He has, therefore, always been statutorily ineligible for a youth offender parole hearing. (§ 3051, subds. (b), (h).) Although a few appellate court cases briefly stood for the proposition that the exclusion of certain youthful offenders (like Vu) under section 3051, subdivision (h) violated equal protection, the law was not settled on this point until the California Supreme Court decided *Hardin II*. Post-*Hardin II*, the exclusion under section 3051, subdivision (h) continues to render defendants like Vu categorically ineligible for a youth offender parole hearing. This does not mean, as the trial court found, that the court had no *authority* to hold a *Franklin/Cook* proceeding. (See *Cook*, *supra*, 7 Cal.5th at p. 447 ["the court has inherent authority under Code of Civil Procedure section 187 to authorize additional evidence preservation consistent with our holding in *Franklin*"].) Vu contends that he should be allowed an opportunity to establish his eligibility for a *Franklin/Cook* proceeding, post-*Hardin II*. We agree. Once the trial court granted the motion for a *Franklin/Cook* proceeding and placed the motion on calendar, the decision to dismiss the motion without providing notice or an opportunity to respond was arbitrary and elevated efficiency over fairness. (See *Hernandez v. Superior Court* (1985) 169 Cal.App.3d 1169, 1171 [order removing matter from calendar instead of considering reasonable alternatives and without any notice constituted " 'a gross injustice to petitioner, and a severe abuse of the powers of the respondent court in setting and sending out cases for trial' "].) Indeed, to the extent Vu is

entitled to procedural due process prior to dismissal of the motion, such process requires " ' "notice reasonably calculated to apprise interested parties of the pendency of the action affecting their property interest and an opportunity to present their objections." ' " (*People v. Minor* (2010) 189 Cal.App.4th 1, 20.) Rather than providing Vu an opportunity to respond to *Hardin II*, the court, without providing the parties with notice or an opportunity to be heard, issued a written order dismissing the motion. This was an abuse of discretion.

As mentioned, *Hardin II* foreclosed one challenge to section 3051's exclusion of LWOP defendants for eligibility for a youth offender parole hearing. Other possible challenges remain viable. (See, e.g., *People v. Briscoe* (2024) 105 Cal.App.5th 479, 487 [although *Hardin II* foreclosed one of multiple challenges to the defendant's exclusion from early parole consideration under § 3051, another survived and entitled him to a *Franklin* hearing]; *People v. Sands*, *supra*, 70 Cal.App.5th at pp. 201-202 ["Any offender that brings a *Cook* motion must establish his entitlement to a youth offender parole hearing in his moving papers (*Cook*, *supra*, 7 Cal.5th at p. 459), which is how Sands raised the equal protection issue"].) Before us, Vu provides potential claims regarding eligibility, which he contends he should have been given an opportunity to raise prior to the denial of the motion. We need not address the merits of these claims, however, as Vu will have an opportunity to establish his eligibility for a *Franklin/Cook* proceeding before the trial court.

We further note that Vu's motion to conduct a *Franklin* hearing also referenced section 1203.01. Section 1203.01 provides that, postjudgment, "the trial court may generate, collect, and transmit information about the defendant and the crime to the Department of Corrections and Rehabilitation." (*Cook*, *supra*, 7 Cal.5th at p. 447; see § 1203.01.) This information may include statements from defense counsel, the trial judge, and/or the prosecutor pertaining either to the person convicted/sentenced or the crime committed. (§ 1203.01, subd. (a); *People v. Ferenz* (2024) 99 Cal.App.5th 1032,

9

1045-1046.)  On remand the trial court should also consider whether or not to permit Vu to file information consistent with section 1203.01.

## DISPOSITION

The trial court's order denying Vu's request for a *Franklin/Cook* proceeding is reversed.  The matter is remanded for further proceedings consistent with this opinion.

　　　　　　　　　　/s/
　　　　　　　　　　EARL, P. J.

We concur:

　　　/s/
DUARTE, J.

　　　/s/
BOULWARE EURIE, J.