Filed 6/6/25  P. v. Capogreco CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KENNETH EDWARD CAPOGRECO,<br><br>      Defendant and Appellant. | C101307<br><br>(Super. Ct. No. 69295) |

Defendant Kenneth Edward Capogreco appeals an order denying his motion for a *Franklin/Cook*[1] proceeding under Penal Code section 1203.01.[2]  Defendant is serving a sentence of life without the possibility of parole (LWOP) for offenses he committed when he was 19 years old.  In addition to his age, defendant's motion asserted he was suffering

---

[1] *People v. Franklin* (2016) 63 Cal.4th 271 (*Franklin*); *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

[2] Further undesignated statutory references are to the Penal Code.

1

from multiple mental illnesses and had the mental acuity of a 13-year-old when he committed the offenses. Defendant's appellate counsel also points to his unspecified organic brain damage as noted in his original probation report as evidence that he may be mentally disabled. Defendant argues the trial court's denial of his motion because of *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin II*) without separately addressing his as-applied challenges under the cruel or unusual punishment prohibition of the California Constitution constituted reversible error. We agree that the trial court erred when it relied on *Hardin II* to summarily dismiss defendant's motion, finding it "no longer has the authority" to conduct a *Franklin* proceeding for a youthful offender sentenced to LWOP. Accordingly, we will reverse the order dismissing the action and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of the issue on appeal, we need not set forth the facts surrounding the underlying offenses. It suffices to note that following an extensive, multi-day evidentiary hearing, the trial court denied defendant's motion to suppress his confession. Thereafter, the People agreed not to seek the death penalty, and defendant agreed to a court trial utilizing specified pieces of evidence. The same day, the trial court found defendant guilty of the first degree murder (§ 187, subd. (a)) of his mother and stepfather. The court also found true the enhancing allegations that he acted with premeditation, deliberation, and malice aforethought (§ 187, subd. (a)); committed multiple murders (§ 190.2, subd. (a)(3)); and used a firearm (§ 12022.5). The court sentenced him to LWOP for count one, plus a determinate term of two years for the associated firearm enhancement, plus a concurrent LWOP term for count two. Another panel of this court affirmed this judgment. (*People v. Capogreco* (January 30, 1987; C001121) [nonpub. opn.].)

On April 4, 2023, defendant filed an in propria persona motion for a *Franklin/Cook* proceeding under section 1203.01 to preserve evidence for use at a

2

youthful offender parole hearing and for the appointment of counsel.  He argued his exclusion as a youthful LWOP offender violated both equal protection and the state constitutional ban on cruel or unusual punishment.  (Cal. Const., art. I, § 17.)  In addition to defendant's age, his motion asserted that he had been suffering from bipolar disorder, "multi-personality" disorder, and severe posttraumatic stress disorder.  The motion also stated defendant "had the emotional understanding of a 13 year old."

On June 2, 2023, the trial court appointed the public defender to represent defendant.  It does not appear defendant's counsel filed any additional information relevant to his motion prior to the trial court's setting that motion for a hearing on July 26, 2024.  In the meantime, the California Supreme Court issued its decision in *Hardin II* on March 4, 2024.  (*Hardin II*, *supra*, 15 Cal.5th 834.)

On May 7, 2024, the trial court issued a written order summarily vacating the July 26, 2024, hearing and dismissing defendant's section 1203.01 motion.  The written order stated the court had only allowed defendant's motion to proceed based upon the ruling in *People v. Hardin* (2022) 84 Cal.App.5th 273 (*Hardin I*), which had recognized the right of youthful LWOP offenders "to preserve evidence for later use in a youthful offender parole hearings."  However, the decision in *Hardin II* determined there was "no equal protection violation in the treatment of youthful offenders sentenced to LWOP after reaching the age of 18."  As a result, the defendant in *Hardin II* was not eligible for a *Franklin* proceeding, and by extension, the court determined it "no longer has the authority to hold a *Franklin* hearing for a youth offender sentenced [to LWOP]." Defendant timely appealed.

## DISCUSSION

### I

### *Legal Background*

After defendant was sentenced to LWOP, the Legislature added section 3051 (Stats. 2013, ch. 312, § 4) and amended section 4801 (Stats. 2017, ch. 684, §2).  Under

3

section 3051, juvenile offenders and most youthful offenders are entitled to a youthful offender parole hearing; however, youthful offenders sentenced to LWOP are not. (*Hardin II*, *supra*, 15 Cal.5th at pp. 845-846; see also § 3051, subd. (h).) Pursuant to section 4801, during such a youth offender parole hearing, the board "shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

Following these enactments, the California Supreme Court decided *Franklin*, which created a process for offenders who qualified for a youth offender parole hearing under section 3051 but who did not have an adequate opportunity to present such evidence at sentencing to preserve youth-related mitigation evidence for later consideration by the parole board. (*Franklin*, *supra,* 63 Cal.4th at pp. 283-284.) A *Franklin* proceeding gives " 'an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to "give great weight to" youth-related factors (§ 4801, subd. (c)) in determining whether the offender is "fit to rejoin society " ' " despite having committed a serious crime while he or she was a child in the eyes of the law (*Cook*, *supra*, 7 Cal.5th at p. 449).

*Franklin* involved a defendant who sought to challenge his life sentence on direct appeal. (*Franklin*, *supra*, 63 Cal.4th at p. 268.) *Cook*, *supra*, 7 Cal.5th 439 extended the availability of a *Franklin* proceeding to a youthful offender who qualified for early parole consideration under section 3051 but whose conviction and sentence were final when sections 3051 and 4801 were enacted. Specifically, it held that "an offender entitled to a [youth offender parole] hearing . . . may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." (*Cook*, at p. 451.)

In doing so, the court acknowledged an obstacle: " ' "In most cases, after the judgment has become final, there is nothing pending to which a motion may attach." ' "

4

(*Cook*, *supra*, 7 Cal.5th at p. 451.) It found the necessary statutory authority in section 1203.01, subdivision (a). (C*ook*, at pp. 452-453.) The court reasoned that the "purpose of section 1203.01 parallels that of a *Franklin* proceeding" because while a *Franklin* proceeding assists in gathering information to be considered during a youthful offender parole hearing, section 1203.01, subdivision (a) also allows the prosecutor, defense counsel, and the trial judge to file statements of their views regarding the defendant and the crime and the clerk must mail the statements to prison officials. (*Cook*, at p. 453, citing § 1203.01, subd. (a).) Thus, the procedures under section 1203.01 and *Franklin* both allow the court to gather evidence that may be relevant to effectuate sections 3051 and 4801. (*Cook*, at p. 453.) Transmission of that record to the Department of Corrections and Rehabilitation (CDCR), in turn, permits CDCR to discharge its duty to later determine, using the youth-related factors under section 4801, subdivision (c), whether the offender is " ' "fit to rejoin society" ' " as outlined in *Franklin*. (*Cook*, at p. 455.)

The *Cook* court additionally relied on Code of Civil Procedure section 187 (*Cook*, *supra*, 7 Cal.5th at pp. 454-455), which provides: "When jurisdiction is . . . conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." The court concluded: "Penal Code section 1203.01, augmented by the court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187, authorizes it to preserve evidence as promptly as possible for future use by the Board," "consistent with *Franklin*." (*Cook*, at pp. 455, 458.)

Defendants who were statutorily excluded from youth offender parole hearings began challenging the constitutionality of section 3051. At the time defendant filed his petition for a *Franklin*/*Cook* proceeding, the appellate courts were split as to whether the

5

exclusion of LWOP youthful offenders from early parole consideration under section 3051 violated equal protection. (Compare *In re Williams* (2020) 57 Cal.App.5th 427, 436 [rejecting argument that the exclusion of young adults sentenced to LWOP violated equal protection]; with *Hardin I*, *supra*, 84 Cal.App.5th at pp. 288-289 [finding the exclusion of youthful offenders sentenced to LWOP violates equal protection], revd. *Hardin II*, *supra*, 15 Cal.5th at p. 839.)

In *Hardin II*, our Supreme Court held that section 3051, subdivision (h), which excludes youthful offenders sentenced to LWOP, does not violate equal protection guarantees. (*Hardin II*, *supra*, 15 Cal.5th at p. 866.) Recognizing that rational basis review is deferential, the court held there was a rational basis for excluding Hardin, a young adult offender sentenced to LWOP based on special circumstance murder, from youth offender parole consideration. (*Id*. at p. 839.) The court stated: "Without foreclosing the possibility of other as-applied challenges to the statute, we conclude that Hardin has not demonstrated that Penal Code section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied to Hardin and other individuals who are serving life without parole sentences for special circumstance murder. Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole. When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. Hardin has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Ibid*.)

## II

### *Analysis*

*Cook* confirmed that the manner and extent of a *Franklin*/*Cook* proceeding is left to the discretion of the trial court. (*Cook*, *supra*, 7 Cal.5th at p. 459.) In deciding whether the trial court has abused its discretion, "we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion." (*People v. Superior Court* (*Humberto S*.) (2008) 43 Cal.4th 737, 746.)

Here, defendant was sentenced to LWOP for a crime that he committed when he was over 18 but under 26 years of age. He has, therefore, always been statutorily ineligible for a youth offender parole hearing. (§ 3051, subds. (b), (h).) Although a few appellate court cases briefly stood for the proposition that the exclusion of certain youthful offenders (like defendant here) under section 3051, subdivision (h) violated equal protection, the law was not settled on this point until our Supreme Court decided *Hardin II*. Post-*Hardin II*, the exclusion under section 3051, subdivision (h) continues to render defendants like defendant categorically ineligible for a youth offender parole hearing. However, this does not mean that the court no longer had *authority* to hold a *Franklin*/*Cook* proceeding for a youthful offender sentenced to LWOP. (See *Cook*, *supra*, 7 Cal.5th at p. 447 ["the court has inherent authority under Code of Civil Procedure section 187 to authorize additional evidence preservation consistent with our holding in *Franklin*"].) We agree that defendant should have been afforded the opportunity to present his as applied challenges to the trial court, as well as any other arguments he may have raised to otherwise establish his eligibility for an evidence preservation hearing post-*Hardin II*.

Once the trial court granted the motion for a *Franklin*/*Cook* proceeding and placed the motion on calendar, the decision to dismiss the motion without providing notice or an opportunity to respond was arbitrary and elevated efficiency over fairness. (See *Hernandez v. Superior Court* (1985) 169 Cal.App.3d 1169, 1171 [order removing matter

7

from calendar instead of considering reasonable alternatives and without any notice constituted an injustice].)  Indeed, to the extent defendant is entitled to procedural due process prior to dismissal of the motion, such process requires " ' "notice reasonably calculated to apprise interested parties of the pendency of the action" ' " affecting the interest at issue, and the opportunity to object thereto.   (*People v. Minor* (2010) 189 Cal.App.4th 1, 20.)  To deny this process was an abuse of discretion.

As mentioned, *Hardin II* foreclosed one challenge to section 3051's exclusion of LWOP defendants for eligibility for a youth offender parole hearing.  Nonetheless, other possible challenges remain viable.  (See, e.g., *People v. Briscoe* (2024) 105 Cal.App.5th 479, 487 [although *Hardin II* foreclosed one of multiple challenges to the defendant's exclusion from early parole consideration under § 3051, another survived and entitled him to a *Franklin* proceeding].)  Here, defendant brought multiple claims regarding eligibility,  which he contends should have been decided prior to the denial of his motion. We need not address the merits of these claims, however, as defendant will have an opportunity to establish his eligibility for a *Franklin*/*Cook* proceeding before the trial court.

We further note that defendant's motion to conduct a *Franklin/Cook* proceeding also referenced section 1203.01.  Section 1203.01 provides that, postjudgment, "the trial court may generate, collect, and transmit information about the defendant and the crime to the Department of Corrections and Rehabilitation." (*Cook*, *supra*, 7 Cal.5th at p. 447; see § 1203.01.)  This information may include statements from defense counsel, the trial judge, and/or the prosecutor pertaining either to the person convicted/sentenced or the crime committed.  (§ 1203.01, subd. (a); *People v. Ferenz* (2024) 99 Cal.App.5th 1032, 1045-1046.)  On remand the trial court should also consider whether to permit defendant to file information consistent with section 1203.01.

**DISPOSITION**

The trial court's order denying defendant's request for a *Franklin*/*Cook* proceeding is reversed.  The matter is remanded for further proceedings consistent with this opinion.

/s/
Duarte, Acting P. J.

We concur:

/s/
Feinberg, J.

/s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.